Ruthie Mae **BEARD**, Individually, as Representative and/or Administratrix of the Estate of John Curtis Beard and as Next Friend of Curtis Rodriguez Beard, Plaintiffs-Appellants,

v.

**SHELL OIL COMPANY et al.,**
Defendants-Appellees.

No. 79–1752
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 9, 1979.

Newton B. Schwartz, William B. Portis, Jr., Houston, Tex., for plaintiffs-appellants.

G. Wes Urquhart, Knox D. Nunnally, Houston, Tex., for defendants-appellees.

Before GEE, HENDERSON and HATCHETT, Circuit Judges.

HATCHETT, Circuit Judge:

This is a suit against Shell Oil Co. under the Jones Act and general maritime law seeking recovery for the death of John Beard. The district court granted summary judgment in favor of Shell Oil. It held that the provisions of the Longshoremen's and Harbor Workers' Compensation Act, as adopted by the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1333(c), were exclusive remedies against Shell. We affirm.

The facts are not in dispute. John Beard was employed by Shell Oil Co. as a maintenance man assigned to a fixed offshore platform off the Louisiana coast. The M/V Cheramie Bo-Truc II was owned and operated by Bo-Truc, Inc., who contracted with Shell to provide transportation for Shell's workers to and from the platform. On February 2, 1978, the Bo-Truc II was moored to the offshore platform while a gas bleeding-off operation was taking place. The bleeding-off operation resulted in a fire aboard the Bo-Truc II where Beard was waiting for transportation to shore. He drowned in the Gulf of Mexico while trying to swim to another platform.

The district court granted Shell's motion for summary judgment. The court ruled that as a matter of law Beard was not a seaman and that the exclusive remedy for

recovery was under OCSLA. The primary issue is whether the trial court was correct in so holding.

The Jones Act, 46 U.S.C. § 688, allows an action for personal injury or wrongful death against the employer of a seaman. Appellants may recover damages for their decedent's death, which occurred in connection with his employment on Shell's fixed offshore platform only if decedent was a " 'member of a crew' of any vessel," i. e., a Jones Act seaman. See *Noble Drilling Corp. v. Smith,* 412 F.2d 952 (5th Cir. 1969), *cert. denied,* 396 U.S. 906, 90 S.Ct. 221, 24 L.Ed.2d 182 (1969). See also *Smith v. Falcon Seaboard, Inc.,* 463 F.2d 206 (5th Cir. 1972), *cert. denied,* 409 U.S. 1085, 93 S.Ct. 688, 34 L.Ed.2d 672 (1972). Therefore, appellants must show that decedent was a seaman in relation to the Bo-Truc II. This, they failed to do.

To qualify as a seaman under the Jones Act, a claimant must be permanently assigned to or perform a substantial part of his work on the vessel, and the capacity of his employment must contribute to the function of the vessel, its mission, its operation, or its welfare. *Davis v. Hill Engineering, Inc.,* 549 F.2d 314, 326 (5th Cir. 1977); *Offshore Company v. Robison,* 266 F.2d 769, 779 (5th Cir. 1959). Though ordinarily a question to be resolved by the trier of fact, the issue of status is not necessarily a question for the jury in every case. *Producers Drilling Company v. Gray,* 361 F.2d 432 (5th Cir. 1966); *Jenkins v. Aquatic Contractors & Engineers,* 446 F.2d 520 (5th Cir. 1971). A court, trial or appellate, may, in the proper case, hold that there is no reasonable evidentiary basis to support a jury finding that an injured person is a seaman and member of a crew of a vessel under the Jones Act. *Holland v. Allied Structural Steel Co., Inc.,* 539 F.2d 476, 479–80 (5th Cir. 1976), *cert. denied,* 429 U.S. 1105, 97 S.Ct. 1136, 51 L.Ed.2d 557 (1977).

There is not a scintilla of evidence to show that the decedent was other than a mere passenger on the boat. The uncontroverted evidence revealed that decedent's duties on February 2, 1978, were those of a roustabout assigned to Shell's fixed offshore platform in the Gulf. Glenn Pellegrin, decedent's immediate supervisor, stated that decedent had no duties to perform on the vessel with respect to the vessel's navigation or maintenance. There is no evidence that decedent performed even the slightest work-related function aboard the Bo-Truc II. Beard was on the vessel for the sole purpose of being transported back to the main Shell facility. Where the only rational inference to be drawn from the evidence is that the worker is not a seaman, the court may properly refuse to submit the issue to a jury. *Holland v. Allied Steel,* supra, 539 F.2d 476.

Appellants argue that when the worker's transportation to and from work is in the employer's interest, the worker is engaged in the course of his employment during that transportation. Therefore, they argue, the decedent was engaged in the course of his employment while on the Bo-Truc II. In support they cite *Vincent v. Harvey Well Service,* 441 F.2d 146, 149 (5th Cir. 1971), and *Porche v. Gulf Mississippi Marine Corp.,* 390 F.Supp. 624, 631 (E.D.La.1975). These cases are inapplicable. In *Vincent,* the worker assigned to a submersible drilling barge was injured while on his way to work in an automobile furnished by his employer. There was no question as to his seaman status, but only whether the transportation over land was in service of the vessel. In *Porche,* the worker was a seaman employed on a barge, injured while transferring from a crew boat to the barge. The court merely determined that Porche became a seaman before he actually put his foot on the deck of the barge.

Appellants also contend that the decedent was "on loan" to the vessel because he was ordered to board the vessel which contained a tool receptacle for his tools and because Shell maintained a radio and speaker aboard the vessel. This contention is frivolous.

Finally, appellant contends that the record does not show the situs of the accident, and therefore a genuine issue of material fact remains to be decided. However,

Shell's response to interrogatory number 112 shows that the platform is four miles offshore. Clearly, OCSLA is applicable. 43 U.S.C. § 1333.

We hold that the district court was eminently correct in granting summary judgment in favor of the defendant.

AFFIRMED.