David Allen BILLINGS,
Plaintiff-Appellant,

v.

CHEVRON, U.S.A., INC. and Bokenkamp
Offshore Company, Inc., et al.,
Defendants-Appellees.

No. 79–3173
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 9, 1980.

Anatole J. Plaisance, Lafayette, La., for plaintiff-appellant.

McLoughlin, Barranger, Roovosty & Melancon, Lloyd C. Melancon, New Orleans, La., for Chevron, U.S.A., Inc.

Francis Emmett, James A. Cobb, Jr., New Orleans, La., for Bokenkamp, Employers Casualty, Fidelity & Casualty, American General, Bellefonte & Citadel.

Phelps, Dunbar, Marks, Claverie & Sims, James H. Roussel, New Orleans, La., for Offshore Logistics & American Employers, Inc., Co.

Poitevent & Hanemann, John Poitevent, New Orleans, La., for Arkwright-Boston, Etc.

* Fed.R.App.P. 34(a); 5th Cir. Rule 18.

Before AINSWORTH, FAY and RANDALL, Circuit Judges.

AINSWORTH, Circuit Judge:

This is a suit by David Allen Billings against Chevron, U.S.A., Inc., and Bokenkamp Drilling Company, Inc. under the Jones Act, 46 U.S.C. § 688, and general maritime law seeking recovery for injuries sustained while plaintiff was loading pipe aboard a vessel tied to a fixed drilling platform owned by Chevron on which Bokenkamp was conducting drilling operations. The sole question for decision is whether plaintiff Billings was a seaman within the meaning of the Jones Act at the time of his alleged injury. The district court granted defendant Bokenkamp's motion for summary judgment on the issue of plaintiff's status, finding plaintiff was not a seaman and dismissing the suit. We affirm.

The underlying facts are not in dispute. Plaintiff's deposition established that at the time of his injury, Billings was employed by Bokenkamp as a roustabout on Chevron's fixed platform rig, located in the Gulf of Mexico approximately seven miles from the south of the Mississippi River. Billings ate and slept on the platform and at all times worked directly under the supervision of Bokenkamp personnel. Plaintiff's regular duties included servicing the platform in connection with the operations of the rig, cleaning up mud, scraping and chipping paint, painting and moving pipe and equipment on the platform. His job also included loading and unloading tenders which frequently docked at the platform. He occasionally tied or untied these vessels and ate a meal aboard them, though he was not a crewmember or deckhand and never made any voyages.

At the time plaintiff Billings was injured, he was aboard a tender docked at the platform loading pipe from the rig onto the vessel. The accident occurred when a bundle of pipe which was being lowered by a crane from the rig to the vessel began swinging, hit plaintiff and crushed one of his legs. Billings brought suit to recover damages for injuries sustained during the course of his employment, claiming he was at the time a seaman and entitled to recover under the Jones Act. Defendants contend that plaintiff's sole remedy as a worker on a fixed platform is under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*, as applied by the Outer Continental Shelf Lands Act, 43 U.S.C. § 1333(c).

Under the Jones Act, "[a]ny seaman who shall suffer personal injury in the course of his employment may . . . maintain an action for damages at law [against his employer] . . . ." 46 U.S.C. § 688. The Act, however, fails to define the term "seaman." We, therefore, established the criteria necessary to determine if an injured party is a seaman for purposes of Jones Act recovery in *Offshore Company v. Robison*, 266 F.2d 769 (5th Cir. 1959). To qualify as a Jones Act seaman, the injured worker must be able to show that he was assigned permanently to or performed a substantial part of his work on the tender, and that his duties contributed to the function of the vessel or to the accomplishment of its mission, or to its operation or welfare in terms of its maintenance. *Id.* at 779. *See Longmire v. Sea Drilling Corp.*, 610 F.2d 1342, 1345 (5th Cir. 1980); *Beard v. Shell Oil Co.*, 606 F.2d 515, 517 (5th Cir. 1979); *Davis v. Hill Engineering, Inc.*, 549 F.2d 314, 326 (5th Cir. 1977). The term "seaman" has come to be used interchangeably with the phrase "member of a crew of a vessel." *See Noble Drilling Corp. v. Smith*, 412 F.2d 952, 955–56 (5th Cir.), *cert. denied*, 396 U.S. 906, 90 S.Ct. 221, 24 L.Ed.2d 182 (1969); *Boatel, Inc. v. Delamore*, 379 F.2d 850, 859 (5th Cir. 1967). In order to establish Jones Act jurisdiction, plaintiff must show that at the time of his injury he was a seaman on a vessel; if not, his remedy for injuries sustained as a worker on a fixed platform is under the Longshoremen's and Harbor Workers' Act.

In denying seaman's status to plaintiff Billings, the district court held that all of plaintiff's duties in relation to the vessel were classic longshoremen duties and were "not sufficient to make [him] a

member of the crew of a vessel or to raise a question of fact that [he] is or may be a member of the crew of a vessel." We think the district judge's ruling was correct. While this question is normally one for the trier of fact, summary judgment may properly be granted when "there is no reasonable evidentiary basis to support a jury finding that an injured person is a seaman." *Longmire, supra,* 610 F.2d at 1346, *quoting Beard, supra,* 606 F.2d at 517; *Owens v. Diamond M. Drilling Co.,* 487 F.2d 74, 76 (5th Cir. 1973).

Billings testified in his deposition that his principal duties as a roustabout in Bokenkamp's employ involved servicing the platform and drilling rig. Although his work included loading and unloading vessels which docked at the platform, he slept on the platform and ate the majority of his meals there. Therefore, it cannot properly be said that he was assigned permanently to a vessel. *See Owens, supra,* 487 F.2d at 76. Nor can it be said that Billings performed a substantial part of his work on a tender. To meet this part of the *Robison* test, it must be shown that the workman "performed a significant part of his work aboard the ship with at least some degree of regularity and continuity." *Keener v. Transworld Drilling Co.,* 468 F.2d 729, 732 (5th Cir. 1972). As noted earlier, Billings' primary responsibilities concerned platform drilling operations. He was not permanently assigned to any vessel; rather, his tasks aboard any one of the tenders which at times docked alongside the rig were related to his employment on the platform. He was not hired to be a crewmember of any vessel and had nothing to do with the regular operations of one. "Such incidental and temporary duty aboard [a] tender" is insufficient to make him a Jones Act seaman. *Id.* at 731.

██ Moreover, it is now established that a claimant's work aboard a vessel which is not sufficient to vest him with seaman's status may also be insufficient to make him a Jones Act seaman when he is injured during his occupation with his tasks aboard the tender. *Longmire, supra,* 610 F.2d at

1347. If the nature of his occupation as a whole was that of a platform worker and not a crewmember, plaintiff is not entitled to avail himself of the liberal terms of the Jones Act. *Id.* The undisputed facts of this case show clearly that plaintiff Billings' principal occupation was that of a worker aboard a fixed platform and not a crewmember of the vessel on which he was injured.

Since plaintiff fails to meet the first part of the *Robison* test, it is unnecessary for us to determine whether the work in which he was engaged at the time he was injured contributed to the function of the tender, its mission, operation or welfare. The judgment of the district court is affirmed.

AFFIRMED.