Jessie **WELCH**

v.

**ELEVATING BOATS, et al.**

**No. 79–2462.**

United States District Court, E.D. Louisiana.

June 25, 1981.

Joseph Weigand, Houma, La., for plaintiff.

John Charrier, of Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for Southcoast Welding.

Roy Raspanti, New Orleans, La., for Elevating Boats.

CHARLES SCHWARTZ, Jr., District Judge.

This matter came before the Court on the motion of defendant Southcoast Welding & Services, Inc. for summary judgment. Following oral argument, and considering the record in this matter and the applicable law, for the reasons hereinafter set out, the motion was granted.

### FACTS

On June 20, 1979 plaintiff herein, Jessie Welch, sustained personal injury during the course of his employment as a welder for defendant Southcoast Welding & Services, Inc. (Southcoast). At the time of his injury he was working with the M/V DANIEL DEAN ELEVATOR owned by defendant Elevating Boats, Inc. at Mobil Oil Company's South Pelto field in the Gulf of Mexico. On July 5, 1979 plaintiff filed the instant

lawsuit against Elevating Boats alleging negligence and unseaworthiness, and noting jurisdiction pursuant to 43 U.S.C. § 1333 and the general maritime law. On July 25, 1979 he filed a claim with the U.S. Department of Labor for benefits under the Longshoremen's and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 901 et seq. On October 12, 1979, Welch amended the complaint in this action to add his employer Southcoast as a defendant pursuant to the Jones Act, 46 U.S.C. § 688. Thereafter Mr. Welch precipitated an informal conference before the Deputy Commissioner of Labor in pursuit of his claim for compensation benefits under the LHWCA. The conference, held on January 16, 1980, failed to result in concrete action as the parties disagreed as to jurisdiction under the Act. Welch then requested that the matter be assigned before an administrative law judge to determine the validity of his claim for benefits. During this period Welch as plaintiff also pursued his Jones Act claim against his employer in this lawsuit which was set for trial on June 26, 1980. As that trial date approached, counsel for Southcoast moved to continue it for the reason that plaintiff's health status could not yet be determined. Welch opposed this motion based upon the fact that he was in necessitous circumstances and was receiving no benefits of any kind from his employer. The Court granted Southcoast's motion to continue only on the condition that Southcoast agree to pay benefits of some kind to plaintiff and that Southcoast provide medical care to plaintiff. Southcoast agreed and, without waiving its claim that plaintiff was not a seaman, paid plaintiff's past maintenance and continued to pay weekly maintenance payments and to provide medical care for him. Trial of the case was continued pursuant to the aforementioned agreement on June 25, 1980. On July 30, 1980 trial of Mr. Welch's claim for LHWCA benefits was held before Administrative Law Judge Ben H. Walley. As reflected by the transcript of that proceeding (which has been filed into the record in this matter in connection with the instant motion), there were two issues before the Court—jurisdic-tion under the LHWCA and the average weekly wage of claimant. (See transcript at p. 10). With respect to the jurisdiction issue, counsel for claimant Welch took the position that he was a covered employee under the Act. Counsel for his employer Southcoast took the position that he was a seaman. (It is noted that at the administrative hearing the parties were represented by the same counsel who represent them in this action.).

Mr. Welch testified at the hearing that he had worked offshore for Southcoast from February, 1979 until his accident of June 20, 1979. During this period his employer was working for Mobil Oil in the Gulf of Mexico at Eugene Island, Ship Shoal, and South Pelto. He ate and slept on Mobil platforms in those areas, the night prior to his accident being the only night which he had spent on board a vessel. His duties consisted of welding work on various Mobil platforms in the area. Welch and his co-workers would be transported from their work locations each day by crew boat, elevator boat, or occasionally by helicopter. The vessels which transported him had their own crews and Welch and the other Southcoast employees had no responsibilities with respect to the operation of the vessels. Almost all of the welding work was done on the platforms although occasionally the welders would weld some pieces of the vessel and thereafter take them onto the platform to complete the job. At the end of the work day—except for the night of June 19, 1979—the welders would be returned to the headquarters platform for the area in which they were working.

By means of a Decision and Order dated April 23, 1981, the Administrative Law Judge found that:

"... based on the evidence before me I find and conclude that Claimant was not a member of the crew of the "elevator boat," the "Daniel Dean," or any other boat, but that he was a member of a welding crew performing his duties as a welder, or preparing to do so, while suspended in his work basket, hanging from a crane resting on an elevator boat, the

"Daniel Dean" which had been stabilized and temporarily converted into a working platform by jacking down its legs. The "platform" was adjacent to a fixed offshore platform used in the exploration for and the production of oil and gas as defined in the Outer Continental Shelf Lands Act and by its extension. Claimant's claim comes within the provisions of the Longshoremen's and Harbor Workers' Compensation Act."

The opinion further addressed the weekly wage issue and awarded Welch back benefits, interest, penalties, and stated that an Attorney's fee would be considered if an application for one was filed. Counsel for Southcoast petitioned for reconsideration of the computation of the weekly wage award which was denied. At oral argument of this motion counsel for Mr. Welch stated that he had appealed the wage award. No party appealed the status determination. Southcoast paid and Welch accepted the sums awarded by virtue of the decision.

By means of the instant motion Southcoast seeks dismissal as of summary judgment, claiming that plaintiff has been determined not to be a seaman and is thereby not entitled to bring this Jones Act claim against his employer.

## CONCLUSIONS OF LAW

The Court is of the opinion that, under the circumstances here present, plaintiff is barred from pursuing his Jones Act claim in this lawsuit. We are further of the opinion that the uncontroverted facts contained in the record herein compel the conclusion that, as a matter of law, Mr. Welch was not a seaman on the date of the accident forming the basis of this lawsuit.

■ The doctrines of *res judicata* (claim preclusion) and collateral estoppel (issue preclusion) and their differences are discussed in detail in *Kasper Wire Works, Inc. v. Leco Engineering and Machine, Inc.*, 575 F.2d 530 (5th Cir. 1978). *Res judicata*, "... treats a judgment once rendered, as the full measure of relief to be accorded between the same parties on the same claim or cause of action." *Kasper, supra*, at p.

535. Collateral estoppel, "bars the relitigation of issues actually adjudicated, and essential to the judgment, in a prior litigation between the same parties." *Kasper, supra*, at p. 535–536. In this case it is unnecessary for this Court to determine whether the claim under 33 U.S.C. § 901 et seq. is, for purposes of *res judicata*, the same claim or cause of action as one under 46 U.S.C. § 688 because it is clear in this case that plaintiff is collaterally estopped from claiming seaman status in this suit in light of the decision to the contrary by the Administrative Law Judge. In that proceeding, actively prosecuted by plaintiff against his employer, the issue raised and determined was whether plaintiff was a seaman/member of the crew of a vessel or an employee covered by the LHWCA. Plaintiff prevailed in that proceeding. The matter was fully litigated and we hold that he is now barred from asserting noncoverage by the Act in this lawsuit.

However, pretermitting any consideration of the aforementioned doctrines, we are of the opinion that the record in this case amply supports the granting of summary judgment on the status issue. The depositions of plaintiff and others which have been filed into the record have been carefully reviewed by the Court. They do not controvert, and in fact are completely consistent with the testimony given by Mr. Welch in the administrative proceeding.

■ The test for seaman status is set out in *Offshore Company v. Robison*, 266 F.2d 769 (5th Cir., 1959). According to *Robison* there is an evidentiary basis for a Jones Act case to go to a jury if there is evidence that the claimant was assigned permanently to a vessel or a fleet of vessels or performed a substantial part of his work thereon and if the capacity in which he was employed contributed to the function or mission of the vessel or to its operation or welfare during movement or anchorage for future trips.

■ In this case the uncontroverted evidence is that Mr. Welch was not assigned to any vessels on a permanent basis. He performed an insignificant amount of his welding work on board them and otherwise his connection with vessels was merely that of

passenger for transit to his work sites on the various platforms. He had no duties with regard to the operation or maintenance of the vessels. Their function of transporting personnel was carried out by the crew of the vessel and not Mr. Welch's welding crew. It is clear that Mr. Welch was a platform based worker who at times utilized vessels for the purpose of transport to his work site or as a platform from which to do his welding. We hold that the evidence in the record amply supports the granting of summary judgment on Mr. Welch's Jones Act claim, and the conclusion that he was not a seaman. *See Keener v. Transworld Drilling Company*, 468 F.2d 729 (5th Cir., 1972); *Owens v. Diamond M Drilling Company*, 487 F.2d 74 (5th Cir., 1973); *Kirk v. Land & Marine Applicators*, 555 F.2d 481 (5th Cir., 1977); *Beard v. Shell Oil Co.*, 606 F.2d 515 (5th Cir., 1979); *Longmire v. Sea Drilling Corp.*, 610 F.2d 1342 (5th Cir., 1980); *Ardoin v. J. Ray McDermott & Co.*, 641 F.2d 277 (5th Cir., 1981).

Accordingly, the Court grants the motion of defendant Southcoast Welding & Services, Inc., dismissing the claims of plaintiff Jessie Welch as against mover, at his cost and prejudice.