PLOTKIN, Judge.
Plaintiff has appealed from a summary judgment denying his Jones Act claim. We affirm.
Plaintiff Mansel J. LaFleur was injured October 10, 1984, while working as a painter/sandblaster for defendant Bo-Mick Construction Company, Inc. (hereinafter Bo-Mick). He alleges his injuries occurred while he was stepping from a vessel, the L/B Gear Elevator, to the fixed platform on which his duties were performed. He brought suit based upon 46 U.S.C.App. § 688 (the Jones Act) and General Maritime Laws of the United States, or, in the alternative, 33 U.S.C. § 901 et seq., (the Longshoremen’s and Harbor Workers’ Compensation Act), against Bo-Mick, his employer, P & S Well Service NO. 5, Inc., owner of the vessel; and Gulf Oil Company, Inc., platform owner. He later amended his petition to include Liberty Mutual Insurance Co., Bo-Mick’s insurer, and certain underwriters of Lloyds of London, Bo-Mick’s excess coverage insurer. Bo-Mick and Lloyds of London filed motions for summary judgment.
On November 25, 1987, the parties agreed to submit the matter to the trial court on written briefs. On January 15, 1988, judgment was rendered dismissing plaintiff’s Jones Act and General Maritime Law claims and reserving to plaintiff his claims under the Longshoremen’s and Harbor Workers’ Compensation Act or Louisiana Worker’s Compensation Act.
I
Mansel J. LaFleur, who worked for Bo-Mick approximately six months prior to the accident, sandblasted and painted fixed platforms owned by Gulf Oil Company in Black Bay, in Plaquemines Parish, Louisiana. The work did not require that La-Fleur stay overnight on a vessel; each morning he met a crewboat which took him to the jack-up barge containing his sandblasting and painting equipment. The barge could move under its own power but it was slow and cumbersome; its primary function was to hold the compressor and sandblasting pots used in maintaining the platforms. When plaintiff left the crew boat and boarded the barge each morning, the barge traveled a short distance and positioned itself adjacent to the platform. The plaintiff’s job required that he use an air hose from the barge on the platform and that he go back and forth between the barge and the platform many times a day.
On the day of the accident, the jack-up barge was positioned about four feet above the platform. In going from the barge to the platform, plaintiff attempted to step onto a piling but slipped and fell to the platform and then into the water. Plaintiff alleges he suffered injuries that have prevented him from working since that time.
Plaintiff argues that summary judgment is rarely proper in Jones Act cases and that it is improper in this case because there is a reasonable evidentiary basis to support a finding that the plaintiff is a seaman.
II
Under the Jones Act, “any seaman who shall suffer a personal injury in the course of his employment” has a right to claim damages in an action alleging that his employer was negligent. 46 U.S.C.App. section 688. This court recently reviewed the question of when a question of seaman status could be resolved by summary judgment. In Fayard v. Contifleeting Inc., 511 So.2d 3, 4 (La.App. 4th Cir.), writ denied, 514 So.2d 461 (La.1987), we noted:
*524 (w)hile summary judgment on seaman status in Jones Act cases is rarely proper, and even in marginal cases should go to the jury, it is in some circumstances possible to rule as a matter of law that a worker is not a seaman. Bouvier v. Krenz, 702 F.2d 89, at 90 (5th Cir.1983), and cases cited therein; cf. Pizzitolo v. Electro-Cool Transfer Corp., 812 F.2d 977 (5th Cir.1987), where the appeals court affirmed the district court’s decision on the issue as a matter of law in rendering a judgment notwithstanding the verdict.
As in Fayard, here the facts of the plaintiffs duties are not in dispute and the only issue is whether the facts meet the requirements for seaman status.
The test for seaman status was established in Offshore Company v. Robison, 266 F.2d 769, 779 (5th Cir.1959). The Robison court stated:
there is an evidentiary basis for a Jones Act case to go to the jury: (1) if there is evidence that the injured workman was assigned permanently to a vessel ... or performed a substantial part of his work on the vessel; and (2) if the capacity in which he was employed or the duties which he performed contributed to the function of the vessel or to the accomplishment of its mission, or to the operation or welfare of the vessel in terms of its maintenance during its movement or during anchorage for its future trips.
Recently the Robison test was reaffirmed in Barrett v. Chevron, U.S.A., Inc., 781 F.2d 1067 (5th Cir.1986).
Applying the Robison test to the case at hand, we find that LaFleur did not satisfy the first element of the standard. LaFleur admitted in his deposition that all his work was done on fixed platforms and he had no duties on the barge. The Fifth Circuit in Kirk v. Land & Marine Applicators, Inc., 555 F.2d 481 (5th Cir.1977), addressed the question of whether a sandblaster/painter working on a fixed platform was a seaman for Jones Act purposes. The court found that although the plaintiff had incidental ties to a support vessel (he lived aboard one), his principal duties as a sandblaster and painter were performed on the fixed platform and therefore he did not satisfy the first element of the Robison test. The plaintiff in Kirk had a stronger tie to a vessel than LaFleur because he ate, slept and did minor chores aboard it; LaFleur’s only relationship with the vessel was that it provided him with transportation to the platform and storage space for his gear.
Moreover, recent cases have held that workers whose duties occur primarily on fixed platforms are not to be considered seaman on the basis of their connection with vessels offering mainly support services for the platform. Longmire v. Sea Drilling Corp., 610 F.2d 1342 (5th Cir.1980) (a roughneck assigned to a drilling platform who occasionally performed tasks on the support vessel was not a seaman even though he was injured while stowing the anchor chain); Billings v. Chevron, U.S.A., INC., 618 F.2d 1108 (5th Cir.1980) (a roustabout on a fixed platform rig whose duties included loading and unloading tenders onto the platform was not a seaman); Golden v. Rowan Companies, Inc., 778 F.2d 1022 (5th Cir.1985) (worker who maintained motors on a rig and performed various jobs of short duration on a vessel was denied seaman status); Miller v. Rowan Companies, Inc., 815 F.2d 1021 (5th Cir.1987) (worker whose job entailed retrieving drilling tools from a well and who lived aboard an adjacent vessel which served as bunkhouse for the crew was not a seaman).
Because plaintiff fails to meet the first element of the Robison test — that he was assigned permanently to a vessel or performed a substantial part of his work on a vessel — and therefore cannot be considered a seaman for purposes of the Jones Act, it is not necessary for us to examine the second element of Robison.
Accordingly, the judgment of the district court is affirmed.
AFFIRMED.