**Marguerite Andrus SMITH, Plaintiff-Appellant,**

v.

**FALCON SEABOARD, INC., Defendant-Appellee.**

**No. 72-1365**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

June 12, 1972.

Rehearing and Rehearing En Banc Denied July 24, 1972.

Donald J. Tate, Paul C. Tate, Tate & Tate, Mamou, La., for plaintiff-appellant.

James E. Diaz, Davidson, Meaux, Onebane & Donohoe, Lafayette, La., for defendant-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Title 43, U.S.C. Section 1333(b) [1] provides that:

"The United States district courts shall have original jurisdiction of cases and controversies arising out of or in connection with any operations conducted on the outer Continental Shelf for the purpose of exploring for, developing, removing or transporting by pipeline the natural resources, or involving rights to the natural resources of the subsoil and seabed of the outer Continental Shelf, and proceedings with respect to any such case or controversy may be instituted in the judicial district in which any defendant

---

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F. 2d 409, Part I.

1. A portion of the Outer Continental Shelf Lands Act, August 7, 1953, c. 345, 67 Stat. 462, Title 43, U.S.C., Secs. 1331–1343 inclusive.

resides or may be found, or in the judicial district of the adjacent State nearest the place where the cause of action arose."

It is provided by Title 43, U.S.C., Section 1333(c), in relevant part that:

"With respect to disability or death of an employee resulting from any injury occurring as the result of operations described in subsection (b) of this section, compensation shall be payable under the provisions of the Longshoremen's and Harbor Workers' Compensation Act. For the purposes of the extension of the provisions of ·the Longshoremen's and Harbor Workers' Compensation Act under this section—

(1) the term 'employee' does not include a master or member of a crew of any vessel, or an officer or employee of the United States or any agency thereof or of any State or foreign government, or of any political subdivision thereof; . . ."

█ In this appeal, the widow of a worker assigned to an offshore drilling platform in the Gulf of Mexico off the coast of Louisiana challenges as unconstitutional the difference in treatment afforded, for purposes of compensation, to workers assigned to platforms and those assigned to vessels, by Section 1333(c). We find no constitutional infirmity in the referenced statute and affirm the district court's dismissal of the complaint.

On or about September 4, 1970, at night, Arthur Smith fell to his death from an oil and gas drilling rig mounted on an offshore drilling platform. His widow, the plaintiff-appellant, is receiving benefits under the Longshoremen's and Harbor Workers' Compensation Act, Title 33, U.S.C., Section 901 et seq.

Mrs. Smith brought this action in admiralty and in law to recover full damages for the death of her husband alleging negligence of the decedent's employer and unseaworthiness of the drilling platform. At the motion of Falcon Seaboard Inc., the defendant and employer of the decedent, the district court dismissed the action because of the exclusivity of remedy provision of the Longshoremen's and Harbor Workers' Compensation Act, Title 33 U.S.C., Section 905.[2]

As she did in the district court, Mrs. Smith argues here that Congress has created an unreasonable classification, in violation of the principles of equal protection of the laws, by specifying that employees assigned to stationary drilling platforms on the outer Continental Shelf are limited to the recovery authorized by the Longshoremen's and Harbor Workers' Compensation Act while employees assigned to vessels may avail themselves of the more liberal features of the law of admiralty and what she refers to on brief as "a veritable cornucopia of entirely different remedies—the Jones Act, the maritime wrongful death action, the right to indemnity for unseaworthiness (or unjobworthiness), the Death on the High Seas Act, possibly maintenance and cure benefits assuming non-instantaneous death, and—functionally or practically—jury trial, comparative or proportionate fault, a judicial forum, full damages, and the prospect of securing vigorous representation of counsel under traditional contingent fee arrangements." She asserts that the "mobility of the situs" is an irrelevant consideration in determining the means of extending compensation for personal injuries or death.

Phrased less legalistically, Mrs. Smith complains that had she been permitted access to remedies open to widows simi-

---

2. Title 33, U.S.C., Sec. 905:
"The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, . . ."

larly situated except for the accident occurring on a vessel, she would have been entitled to a substantially larger recovery than the aggregate benefits under the Longshoremen's Act. The argument then is that the lower benefits under the Longshoremen's Act amount to an impermissibly discriminatory classification in violation of the Fifth Amendment to the United States Constitution.

Mrs. Smith's contentions overlook several important aspects of the Longshoremen's Act: (1) she has been receiving benefits under the Longshoremen's Act from the commencement of her widowhood, while recovery by suit in admiralty and at law could well have been delayed for several years; (2) the defenses available to the employer under the Longshoremen's Act are virtually non-existent when compared to the body of admiralty and related tort law; and (3) the Longshoremen's Act is administered by a highly specialized agency of the United States Government, while the admiralty and related tort law is administered in more episodic fashion by courts of general jurisdiction.

Consideration of these factors leads us to conclude that the "mobility of the situs" is not an arbitrary criterion which renders the distinction drawn in Section 1333(c) constitutionally defective. Mrs. Smith's complaint can more appropriately be dealt with in the halls of Congress, where the statutory distinction originated.

The judgment of the district court is

Affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC.

The Petition for Rehearing is Denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is Denied.