Gregory Earl STOKES,
Plaintiff-Appellant,

v.

B. T. OILFIELD SERVICES, INC.,
Defendant-Appellee.

No. 79–3818
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 30, 1980.

Rehearing Denied July 3, 1980.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

**1206**

Anatole J. Plaisance, New Orleans, La., for plaintiff-appellant.

Davidson, Meaux, Sonnier & Roy, V. Farley Sonnier, Lafayette, La., for defendant-appellee.

Before CHARLES CLARK, VANCE and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

Courts in this Circuit are often confronted with the riddle: When is a worker a "seaman" for the purposes of the Jones Act? In the case at bar, the district court solved the riddle by granting summary judgment for the defendant, holding that plaintiff lacked a more or less permanent attachment to a vessel or group of vessels. We affirm that solution.

Plaintiff Gregory Stokes was employed as a roustabout for defendant B. T. Oilfield Services. On March 14, 1978, defendant sent Stokes to Patterson Truck Lines to unload pipe from a barge. The barge, in possession of Patterson Truck Lines, was on the Atchafalaya River and was moored to a dock operated by Patterson near Morgan City, Louisiana. While on the barge unloading pipe, Stokes was injured when a pipe fell and pinned his leg against a "joint."

Stokes subsequently filed suit in federal court seeking damages under the maritime triumvirate: the Jones Act, unseaworthiness, and maintenance and cure. The district court, after considering affidavits filed by plaintiff and defendant and plaintiff's deposition, granted summary judgment for defendant on plaintiff's Jones Act action on the ground that Stokes lacked the necessary seaman's status. The trial court then dismissed the remainder of plaintiff's action with prejudice. Stokes brings this appeal from the district court's order.

The Jones Act, 46 U.S.C. § 688, provides a cause of action for "seamen." The right to maintenance and cure is also limited to seamen. G. Gilmore and C. Black, *The Law of Admiralty* § 6–7 (2d ed. 1975). The touchstone for determining seaman status was set forth in *Offshore Co. v. Robison*, 266 F.2d 769 (5th Cir. 1959). There, this Court held:

> there is an evidentiary basis for a Jones Act case to go to the jury: (1) if there is evidence that the injured workman was assigned permanently to a vessel (including special purpose structures not usually employed as a means of transport by water but designed to float on water) or performed a substantial part of his work on the vessel; and (2) if the capacity in which he was employed or the duties which he performed contributed to the function of the vessel or to the accomplishment of its mission, or to the operation or welfare of the vessel in terms of its maintenance during its movement or during anchorage for its future trips.

*Id.* at 779.

In the case at bar, the district court held that Stokes lacked a permanent attachment to a vessel or group of vessels, and thus was unable to satisfy the initial prong of the *Robison* test. A careful review of the record supports the district court's holding.

At the time of the accident, Stokes had worked for B. T. Oilfield Services for 28 workdays. On only one of those days had Stokes worked at sea. The remainder of Stokes's employment was land-based. While a substantial part of plaintiff's land-based employment activities had a maritime taint, specifically loading and unloading

various vessels, the taint tends to color Stokes a longshoreman rather than a seaman. Finally, the record establishes that plaintiff has never journeyed with a vessel to its destination to unload cargo, has never eaten on board a vessel, and has never slept on board a vessel. In light of the summary judgment evidence adduced, the district court's holding that Stokes was not a seaman is affirmed. *See, e. g., Thibodeaux v. J. Ray McDermott & Co.*, 276 F.2d 42 (5th Cir. 1960); *Ross v. Mobil Oil*, 474 F.2d 989 (5th Cir. 1973); *Brown v. ITT Rayonier, Inc.*, 497 F.2d 234 (5th Cir. 1974).

■ Stokes also seeks damages for un- seaworthiness of the barge. This remedy is traditionally only available against the shipowner and the vessel. *See Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 80 S.Ct. 926, 4 L.Ed.2d 941 (1960); *Wixom v. Boland Marine & Mfg. Co., Inc.*, 614 F.2d 956 (5th Cir. 1980). Plaintiff has offered nothing to substantiate his claim that B. T. Oilfield Services, plaintiff's employer, "constructively" owned the barge on which he was injured. This lack of ownership as the district judge concluded, operates to scuttle plaintiff's unseaworthiness claim.

The district court did not err in granting summary judgment for defendant. Plaintiff lacked seaman's status when injured, and thus is unable to recovery under the Jones Act or obtain maintenance and cure. Defendant did not own the barge on which plaintiff was injured, thus defeating plaintiff's unseaworthiness claim. Accordingly, the judgment of the district court is

AFFIRMED.