SCHWARTZ, Judge.
Antonio Ruiz was a welder who was injured while working in the maintenance yard of his employer, the Great Lakes Dredge and Dock Company. Alleging employer negligence, he sued Great Lakes for his injuries under the Jones Act, 46 U.S.C. § 688, and now appeals from a summary judgment against him which was based on the sole ground that he was not a “seaman” and thus not entitled to maintain such an action. We affirm.
The record, which consists almost entirely of the plaintiff’s own deposition, shows that his duties, including those he was performing when the accident occurred, involved working on the pontoons, pipes and other appurtenances of a dredge operated by Great Lakes. The great bulk of his work, however, took place on shore. He was assigned to work on the vessel at sea only sporadically, perhaps once or twice during a seven-day work week, and then for only a few hours at a time. While on board the dredge itself, he assisted a welder who was exclusively and permanently employed on the vessel.[1]
In our view, the record establishes as a matter of law that Ruiz was simply a shore-based worker who was neither “assigned permanently to . . . [n]or performed a substantial part of his work on the vessel,” as required to satisfy the definitive test of one’s status as a Jones Act seaman. Offshore Co. v. Robison, 266 F.2d 769, 779 (5th Cir. 1959); [2] accord, Beard v. Shell Oil Co., 606 F.2d 515, 517 (5th Cir. 1979); Brown v. Stanwick International, Inc., 367 So.2d 241, 243 (Fla. 3d DCA 1979). This conclusion is in accordance with a number of decisions which hold, as we do, that a jury issue as to seaman status is not presented when an employee’s connection with a vessel is at best irregular and intermittent. Stokes v. B.T. Oilfield Services, Inc., 617 F.2d 1205 (5th Cir. 1980); Fazio v. Lykes Bros. Steamship Co., 567 F.2d 301 (5th Cir. 1978); Holland v. Allied Structural Steel Co., 539 F.2d 476, 484 (5th Cir. 1976), cert. denied, 429 U.S. 1105, 97 S.Ct. 1136, 51 L.Ed.2d 557 (1977) (“Evidence of ‘sporadic contacts for brief periods of time’ with waterborne vessels is insufficient to support a jury finding of seaman status.”); Owens v. Diamond M Drilling Co., 487 F.2d 74 (5th Cir. 1973); Burns v. Anchor-Wate Co., 469 F.2d 730 (5th Cir. 1972); Keener v. Transworld Drilling Co., 468 F.2d 729 (5th Cir. 1972).
Affirmed.

. It is agreed that at least a jury question would be presented as to the status of this employee as a Jones Act seaman.

. The statement of the standards in Offshore, which we quoted and adopted in Brown v. Stanwick International, Inc., 367 So.2d 241, 243 (Fla. 3d DCA 1979), is as follows:
(1) if there is evidence that the injured workman was assigned permanently to a vessel (including special purpose structures not usually employed as a means of transport by water but designed to float on water) or performed a substantial part of his work on the vessel; and (2) if the capacity in which he was employed or the duties which he performed contributed to the function of the vessel or to the accomplishment of its mission or to the operation or welfare of the vessel in terms of its maintenance during its movement or during anchorage for its future trips, [e. s.]
266 F.2d at 779. The employer candidly concedes both that the dredge is a vessel, Senko v. LaCrosse Dredging Corp., 352 U.S. 370, 77 S.Ct. 415, 1 L.Ed.2d 404 (1957), and that there is evidence that Ruiz’s duties contributed to its function and purpose, see Potashnick-Badgett Dredging, Inc. v. Whitfield, 269 So.2d 36 (Fla. 4th DCA 1972), cert. denied, 272 So.2d 820 (Fla.1973). Thus, only the unmet requirement that the employee be permanently assigned or perform a substantial part of work on board is even in issue in the case.