Carl Gerard **PRINZI,** Plaintiff-Appellant,

v.

**KEYDRIL COMPANY,**
**Defendant-Appellee.**

**No. 83–4456.**

United States Court of Appeals,
Fifth Circuit.

Aug. 20, 1984.

---

Richard J. Arsenault, Margaret Stacy DeMartini, Alexandria, La., for plaintiff-appellant.

V. Farley Sonnier, John G. Swift, Lafayette, La., for defendant-appellee.

Before TIMBERS,* POLITZ and RANDALL, Circuit Judges.

RANDALL, Circuit Judge:

This Jones Act case is before us on appeal from the district court's grant of summary judgment for the defendant-appellee on the issue of the plaintiff-appellant's seaman status. For the reasons that follow, we affirm.

## I. Factual and Procedural Background.

Appellant Carl Prinzi was employed by appellee Keydril Company as a member of Keydril's drilling crew assigned to the drilling rig Grand Key. In July, 1980, pursuant to a customer's request, Keydril undertook to move the Grand Key from the drilling platform upon which it was stationed to another drilling platform that was under construction. To effect the move, the Grand Key was loaded aboard two barges which were towed to a shipyard. Because the second platform was not ready to receive the Grand Key, it remained upon the barges, which were moored at the shipyard, for some six weeks. During this time, the drilling crew, including Prinzi, was assigned to perform maintenance and repair work on the rig. Prinzi spent approximately three weeks performing such work while the Grand Key was aboard the moored barges. Prinzi was injured in August, 1980, when a paint hose became disconnected and sprayed chemicals in his face.

Prinzi brought the instant suit against Keydril under the Jones Act, 46 U.S.C. § 688 (1976), asserting that he was a seaman. Keydril moved for summary judgment, which the trial court granted. Prinzi appeals.

## II. Summary Judgment.

We have had frequent occasion to note that summary judgment in Jones Act cases is rarely appropriate and that even marginal cases ordinarily should go to the jury. See, e.g., Buras v. Commercial Testing & Engineering Co., 736 F.2d 307 (5th

---

* Circuit Judge of the Second Circuit, sitting by designation.

Cir.1984); *Bouvier v. Krenz,* 702 F.2d 89, 90 (5th Cir.1983); *Bertrand v. International Mooring & Marine, Inc.,* 700 F.2d 240, 244 (5th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 974, 79 L.Ed.2d 212 (1984). Nevertheless, it is also well settled that "it is in some cases proper to rule as a matter of law that a worker is not a seaman." *Bouvier v. Krenz,* 702 F.2d at 90. Summary judgment is appropriate where the underlying facts are undisputed, and the record reveals no evidence from which reasonable persons might draw conflicting inferences about these facts. *See Buras v. Commercial Testing,* at 308; *Ardoin v. J. Ray McDermott & Co.,* 641 F.2d 277, 280 (5th Cir.1981). In reviewing the district court's grant of summary judgment, we must view the evidence and any inferences to be drawn therefrom in the light most favorable to the party moved against to determine whether any genuine issue of material fact exists and whether the party seeking summary disposition is entitled to judgment as a matter of law. *See* Fed.R. Civ.P. 56(c); *Coulter v. Texaco, Inc.,* 714 F.2d 467, 468 (5th Cir.1983).

In the case before us, the parties agree that the relevant facts are not in dispute. Prinzi contends, however, that reasonable persons could differ with respect to the inferences to be drawn from these facts, thus rendering summary judgment inappropriate. Specifically, Prinzi challenges the district court's determinations that Prinzi was not more or less permanently assigned to the barges upon which the Grand Key was positioned; that the barges did not constitute "special purpose vessels;" and that Prinzi's work did not contribute to the function or mission of the vessel. Our disposition of the first of these contentions renders it unnecessary for us to address the others.

*III. Seaman Status—Permanency.*

In *Offshore Co. v. Robison,* 266 F.2d 769 (5th Cir.1959), we established the test for seaman status under the Jones Act:

[T]here is an evidentiary basis for a Jones Act case to go to the jury: (1) if there is evidence that the injured workman was assigned permanently to a vessel (including special purpose structures not usually employed as a means of transport by water but designed to float on water) or performed a substantial part of his work on the vessel; and (2) if the capacity in which he was employed contributed to the function of the vessel or to the accomplishment of its mission, or to the operation or welfare of the vessel in terms of its maintenance during its movement or during anchorage for its future trips.

*Id.* at 779 (footnote omitted); *see Wallace v. Oceaneering International,* 727 F.2d 427 (5th Cir.1984); *McDermott, Inc. v. Boudreaux,* 679 F.2d 452, 457 (5th Cir. 1982). Thus, to survive a motion for summary judgment the claimant must demonstrate a factual dispute with regard to the permanency *or* the substantiality of his employment relationship with a vessel or group of vessels, *and* that his work contributed to the operation or function of the vessel or to the accomplishment of its mission. *See Bertrand,* 700 F.2d at 246. Because we find that in this case Prinzi has failed to meet the permanency alternative embodied in *Robison's* first criterion, and because he does not contend that the substantiality alternative is satisfied, we find it unnecessary to address *Robison's* second criterion.

We have observed that the permanency requirement has not been nor should it be given a "wooden application." *Brown v. ITT Rayonier, Inc.,* 497 F.2d 234, 237 (5th Cir.1974). Rather, we have characterized the permanency inquiry as being "more frequently an analytical starting point than a self-executing formula." *Id.* Thus, as we stated in *Longmire v. Sea Drilling Corp.,* 610 F.2d 1342, 1347 (5th Cir.1980), "[t]he issue of an injured worker's status as a seaman should be addressed with reference to the nature and location of his occupation taken as a whole." In terms of *Robison's* permanency requirement, we have noted that it is "best understood as

indicating that in order to be deemed a 'seaman' within the meaning of the Jones Act 'a claimant [must] have more than a transitory connection' with a vessel or a specific group of vessels." *Ardoin v. J. Ray McDermott, supra,* 641 F.2d at 281 (quoting *Davis v. Hill Engineering, Inc.,* 549 F.2d 314, 326 (5th Cir.1977)); *see also Porche v. Gulf Mississippi Marine Corp.,* 390 F.Supp. 624, 631 (E.D.La.1975) (permanency prong "meant to deny seaman's status to those who come aboard for an isolated piece of work, not to deprive a person whose duties are truly navigational of Jones Act status merely because he serves aboard a vessel for a relatively short period of time").

■ As a drilling rig worker assigned to a fixed platform, Prinzi would be unable to claim seaman status. *See, e.g., Barrios v. Engine & Gas Compressor Serv., Inc.,* 669 F.2d 350, 353 (5th Cir.1982); *Blanchard v. Engine & Gas Compressor Serv., Inc.,* 575 F.2d 1140, 1142 (5th Cir.1978); *Smith v. Falcon Seaboard, Inc.,* 463 F.2d 206, 207–08 (5th Cir.), *cert. denied,* 409 U.S. 1085, 93 S.Ct. 688, 34 L.Ed.2d 672 (1972). He asserts, however, that he has raised a factual issue with regard to permanency that is sufficient to merit jury deliberation with regard to his work on the drilling rig while it was resting on the barges that were moored at the shipyard. He contends that during the three week period, he slept, ate, and worked aboard the barges and aided in their navigation. Relying primarily on *Roberts v. Williams-McWilliams Co.,* 648 F.2d 255 (5th Cir.1981), and *Davis v. Hill Engineering, supra,* Prinzi argues that the fact that his assignment, had he not been injured, would have lasted for the duration of the drilling rig's refurbishment compels a finding that he was a seaman. We do not agree, and find both *Roberts* and *Davis* distinguishable.

In *Roberts,* a theretofore land-based welder was given a new assignment aboard a vessel. He was injured on his first day aboard. In holding that the district court erred in not directing a verdict in the claimant's favor on the issue of seaman status, we noted that although his actual tour of duty was brief, he was performing tasks that were directly a part of the vessel's particular mission, and his assignment to the vessel was expected to last until the completion of its mission. Here, by contrast, Prinzi's assignment was to the drilling rig mounted on the barges, not to the barges themselves. His tour of duty, while of indefinite duration, was only incidentally connected with the barges. He did not travel on the barges; thus, his assignment, unlike the *Roberts* claimant's, was not coextensive with the mission of the barges. During the refurbishment of the drilling rig, Prinzi ate and slept in the rig's crew quarters, just as he would have done during the normal course of his employment on a fixed platform. It was merely fortuitous that the crew quarters rested on the barges and not on a dock. Unlike the *Roberts* claimant, Prinzi's work concerned not the barges that the drilling rig rested upon, but the rig itself. This kind of tangential relationship with the barges is insufficient to satisfy the permanency test. *See, e.g., Longmire v. Sea Drilling Corp., supra,* 610 F.2d at 1346.

In *Davis v. Hill Engineering,* the claimant was a welder assigned to a barge that was servicing a gas gathering station. We affirmed the district court's finding of seaman status because the claimant had traveled with the barge to its destination, and his duties included work on and maintenance of the vessel itself, and loading and unloading its cargo. Here, as we have noted, Prinzi did not travel with the barges, and his work had no such relation to the barges; rather, his duties had to do with the drilling rig and his connection with the barges was incidental.

We are persuaded that *Longmire v. Sea Drilling, supra,* rather than *Roberts* or *Davis,* provides an appropriate basis for our holding in this case. There, we affirmed the district court's summary judgment denying seaman status where the claimant, a roughneck, worked on a drilling rig that was serviced by a vessel tied up alongside the drilling platform. Although

the claimant occasionally performed maintenance and other chores on the vessel itself, we found that because "his primary responsibilities concerned drilling operations on the drilling rig and platform, and ... most of his work aboard the [vessel] was only incidental thereto," 610 F.2d at 1346, the requisite permanency was not present. In the instant case, similarly, that the drilling rig to which Prinzi was assigned happened to be resting on barges at the time of his injury is an insufficient basis for a finding of a permanent assignment to the barges. As we have noted, we look to the totality of the circumstances of the claimant's employment to determine seaman status. *Id.* at 1347. In this case, that totality clearly establishes that *Robison*'s permanency requirement was not satisfied. Thus, we hold that the district court did not err in granting summary judgment in favor of Keydril on this issue.

AFFIRMED.