777 F.2d 296
 Doris RICHOUX, Individually and as Executrix of the Estate
of the deceased, Paul G. Richoux, etc., et al.,
Plaintiffs-Appellants,
v.
ARMSTRONG CORK CORPORATION, et al., Defendants,
and
Southern Textile Corporation, Defendant-Appellee.
Doris RICHOUX, Individually and as Executrix of the Estate
of the deceased, Paul G. Richoux, etc., et al.,
Plaintiffs-Appellants,
v.
LYKES BROTHERS STEAMSHIP COMPANY, INC., Defendants,
and
Southern Textile Corporation, Defendant-Appellee.
 No. 85-3231
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Nov. 29, 1985.
 M.H. Gertler, Cheryl A. Denney, New Orleans, La., for plaintiffs-appellants.
 Ethel H. Cohen, New Orleans, La., for defendant-appellee.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before RUBIN, JOHNSON and JONES, Circuit Judges.
 ALVIN B. RUBIN, Circuit Judge.
 
 
 1
 A widow sued several manufacturers of asbestos products alleging that her husband's death resulted from exposure to their products. The district court granted summary judgment dismissing the claim against a particular manufacturer because the plaintiff had not introduced facts tending directly to establish her husband's exposure to the defendant's product. We reverse because the plaintiff proffered sufficient evidence from which causation could be inferred.
 
 
 2
 In June 1980, Doris Richoux brought this suit alleging that her husband, Paul, had been employed as a boilermaker and insulator in the maritime ship building or repairing industry between 1944 and 1978. She charged that each of the twenty-five defendants had been engaged in the manufacture or distribution of asbestos products for use in insulation in the maritime industry during that time. She also alleged that each knew or should have known of the dangerous properties of asbestos but failed to warn workers of the hazards. She concluded that, as a result of those failures to warn, Paul Richoux "contracted pulmonary diseases directly attributable to the inhalation of Asbestos fiber, which subsequently caused his death."
 
 
 3
 Following extensive discovery, one of the defendants, Southern Textile, moved for summary judgment. The motion was heard and granted without prejudice to the plaintiff's right to bring Southern Textile back into the case if further discovery warranted doing so. Southern moved for the entry of final judgment. The court granted the motion and dismissed the action against Southern Textile.
 
 
 4
 Federal Rule of Civil Procedure 56(c) provides that summary judgment is proper if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." We have held that rule 56(c) permits summary judgment, however, only when "the underlying facts are undisputed, and the record reveals no evidence from which reasonable persons might draw conflicting inferences about these facts."[1] An appellate court reviewing a summary judgment order "must view the evidence and any inferences to be drawn therefrom in the light most favorable to the party moved against to determine whether any genuine issue of material fact exists and whether the party seeking summary disposition is entitled to judgment as a matter of law."[2] The reviewing court resolves any conflicting inferences or factual disputes in favor of the party opposing summary judgment.[3] The inferences drawn from the record, however, must be rational and reasonable, not idle, speculative, or conjectural.[4]
 
 
 5
 The summary judgment was granted on the basis of the plaintiff's failure to establish causation. Although she introduced no direct evidence that Southern Textile's products had a role in causing Richoux's injury, there was evidence from which causation could have been inferred. Southern Textile Corp. (formerly Southern Asbestos Co.) was incorporated in 1974.[5] In 1975, Southern sold asbestos cloth to Marquette Insulation.[6] That same year, Marquette Insulation sold asbestos cloth and other products containing asbestos to Dixie Machine Welding and Metal Works, Inc.[7] The plaintiff alleges that "Mr. Richoux worked in various capacities during the years 1944 through 1975 for Dixie Machine Welding and Metal Works Inc. ... whose business involved the maintenance and repair of ships." Southern Textile does not dispute this.[8] Drawing the inferences most favorable to the plaintiff from these facts, a fact finder might infer that asbestos manufactured by Southern and sold to Marquette and then through Marquette to Dixie was present in decedent's place of employment in 1975. That a jury might well have declined to draw this inference is of no moment.
 
 
 6
 Southern Textile argues "that plaintiff failed to establish that Paul Richoux ever worked with, worked around or was ever exposed to products manufactured by Southern." But this misstates the plaintiff's burden. To avoid summary judgment, the plaintiff was not required to "establish" anything, she had merely to produce evidence sufficient to raise a disputed issue as to a material fact. She raised facts that could reasonably support an inference of causation.[9]
 
 
 7
 Accordingly, summary judgment was improper. For these reasons, the judgment is REVERSED and the case is REMANDED for proceedings consistent with this opinion. We do not preclude the possibility that further factual development might negate the decedent's exposure to asbestos or negate any reasonable inference that the exposure was sufficient to cause his death.[10]
 
 
 
 [1]
 Prinzi v. Keydril Co., 738 F.2d 707, 709 (5th Cir.1984)
 
 
 [2]
 Id
 
 
 [3]
 John v. State of Louisiana (Board of Trustees for State Colleges and Universities), 757 F.2d 698, 703, 713 (5th Cir.1985)
 
 
 [4]
 Pharo v. Smith, 621 F.2d 656, 664 (5th Cir.1980)
 
 
 [5]
 Southern Textile Corp., Answer to Interrogatories, Record at 137-38
 
 
 [6]
 Id. at 140
 
 
 [7]
 See Deposition of Claude Marquette at 20-25, 33-34
 
 
 [8]
 Southern Textile Corp., Statement of Uncontested Facts, Supplemental Record, Document 475
 
 
 [9]
 See Nunez v. Superior Oil Co., 572 F.2d 1119, 1123 (5th Cir.1978)
 
 
 [10]
 See Gideon v. Johns-Manville Sales Corp., 761 F.2d 1129 (5th Cir.1985)