**Sammey GODEAUX, Plaintiff,**

**v.**

**DYNAMIC INDUSTRIES, INC., Defendants.**

**No. 1:93CV0623.**

United States District Court, E.D. Texas, Beaumont Division.

Sept. 27, 1994.

---

Michael R. Ramsey, Brett Scot Thomas, Bush Lewis Ramsey & Roebuck, Beaumont, TX, for plaintiff.

Robert H. Bateman, Raymond Jude Blackwood, Hirsch Robinson Sheiness & Glover, Houston, TX, for defendants.

*MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT*

SCHELL, Chief Judge.

Before this court is Defendants' Motion for Summary Judgment, filed on July 15, 1994. Plaintiff responded on August 3, 1994, followed by Defendants' reply and Plaintiff's response. Upon consideration of the motions, responses, affidavits, exhibits and memoranda of law, this court is of the opinion that the motion should be GRANTED.

### FACTS

Plaintiff has brought this action under the Jones Act, 46 U.S.C.App. § 688 *et seq.*, and general maritime law. Specifically, the plaintiff complains of Jones Act negligence, breach of the duty to provide a seaworthy vessel, failure to pay maintenance and cure, and the wrongful nature of said failure to pay maintenance and cure.

Plaintiff alleges that on or about October 16, 1992, he sustained injuries in the course and scope of his employment "as a seaman and member of the crew of a vessel operated, managed, and controlled by Defendant." First Amended Compl't at 2.

From the affidavits and exhibits which were submitted, a clearer image of Plaintiff's injury and occupation may be drawn. Colloquially phrased, the plaintiff was a "maritime temp" who was summoned from time to time by Defendant to work on third parties' "structures" as a contract laborer. Apparently, Defendants supply workers and equipment, on a contract basis, to third parties to refurbish, maintain and fabricate their land based or offshore fixed structures. Defendants dispatch crews to perform their services, and when the service has been completed, the crew is discharged and sent home to await their next assignment. These assignments last only long enough to finish the contracted task.

Plaintiff was employed by Defendants as a rigger and painter from October 8, 1992 until November 4, 1992. As a rigger, Plaintiff's duties included assisting in moving equipment with a crane and performing general maintenance tasks in support of the welding, sandblasting, and painting. While employed with Defendants, Plaintiff worked on four different assignments for three different customers. Plaintiff spent: 26.5 hours working on an Enron fixed platform; 81 hours on a BHP fixed platform; and 122 hours at a Galveston shipyard where a floating production facility was being fabricated.

Plaintiff's injury occurred during his second assignment on the BHP fixed platform. BHP contracted with Defendants to make some repairs on one of their fixed platforms. This particular fixed platform was attached to the Outer Continental Shelf off the coast of Louisiana. Defendants assigned Plaintiff to work on this contract as a rigger.

During this particular assignment, Plaintiff worked on the BHP platform for approximately 10 days for a total of 81 hours. Because the platform [1] had no living quarters or eating facilities, BHP chartered a jack-up boat to provide quarters, eating facilities and a crane. This jack-up boat [2] was owned, operated and controlled by a fourth party.

BHP chartered the jack-up boat, and Defendants had no connection to it.

Plaintiff was injured while moving a "pig-catcher" from the fixed platform to the jack-up boat.[3] After the alleged injury, Plaintiff worked on another assignment at the Galveston shipyard for 122 hours.

## SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) states that a summary judgment is proper where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact...." One of the principal purposes for Rule 56 is to "isolate and dispose" of factually unsupported claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

A summary judgment movant has the burden of showing and proving the absence of a genuine issue of material fact. Once a movant submits a motion for summary judgment and demonstrates the absence of a genuine issue of material fact, the burden shifts to the non-movant "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553. In making a sufficient showing, a non-movant may not rest upon the pleadings; rather, a non-movant must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). When the non-movant cannot set forth specific facts establishing a necessary and genuine issue, summary judgment is proper. *Id.*

## JONES ACT NEGLIGENCE—SEAMAN STATUS

The gravamen of Defendants' argument is that Plaintiff is not entitled to assert a Jones Act negligence claim because he is not a

---

1. A fixed platform is not a vessel for the purposes of the Jones Act. This fact has not been disputed.

2. A jack-up boat is a tender vessel that functions as a support vessel for a fixed platform.

3. Because the Plaintiff has neither alleged nor stated such anywhere in the pleadings, briefs and affidavit, the nature of the injury is still unknown to this court.

"seaman" as defined by the Jones Act and interpreted by the applicable case law. *See, e.g., Barrett v. Chevron, Inc.*, 781 F.2d 1067 (5th Cir.1986) (en banc) (only seamen may recover for Jones Act negligence). In response, the Plaintiff contends that he was a Jones Act "seaman" and that a genuine issue of material fact concerning this matter exists.

■ The question of whether an individual is a "seaman" is a mixed question of law and fact. *McDermott Int'l, Inc. v. Wilander*, 498 U.S. 337, 355, 111 S.Ct. 807, 818, 112 L.Ed.2d 866 (1991). "When the underlying facts are established, and the rule of law is undisputed, the issue is whether the facts meet the statutory standard." *Id.* The current statutory standard was enunciated in *The Offshore Company v. Robison*, 266 F.2d 769, (5th Cir. 1959), and referred to favorably by the U.S. Supreme Court in *Wilander. Wilander*, 498 U.S. at 353, 111 S.Ct. at 817. Under *Robison*, a two prong test must be met to gain "seaman" status:

(1) the injured workman was assigned permanently to a vessel *or* performed a substantial part of his work on the vessel or identifiable fleet of vessels; and

(2) the capacity in which he was employed or the duties which he performed must have contributed to the function of the vessel *or* to the accomplishment of its mission *or* to the operation or welfare of the vessel in terms of its maintenance during its movement or during anchorage for its future trips.

*E.g., Robison*, 266 F.2d at 779 (emphasis added).[4]

■ Under the first prong of the *Robison* test, a plaintiff may either (1) be permanently attached to a vessel or identifiable fleet of vessels, or (2) have performed substantial work on a vessel or an identifiable fleet of vessels. This first prong is disjunctive, and the satisfaction of either part of the prong will suffice. It is the opinion of this court that Plaintiff has failed to raise a genuine issue of material fact regarding either of these parts.

### A.

■ Plaintiff contends that he satisfies the first prong because he was permanently assigned to a vessel and/or identifiable fleet of vessels. Specifically, Plaintiff contends that he was permanently assigned to the jack-up boat utilized in the BHP job.[5] "Permanently assigned" is a legal term of art which has been broadly defined. In fact, the Fifth Circuit has intentionally left it open to interpretation. The court has stated that the permanency requirement "has not been nor should it be given a 'wooden application.' " *Prinzi v. Keydril Co.*, 738 F.2d 707, 709 (5th Cir.1984) (quoting *Brown v. ITT Rayonier, Inc.*, 497 F.2d 234, 237 (5th Cir.1974)). As currently defined, it is intended to be an analytical starting point rather than a self-executing formula. *Brown*, 497 F.2d at 237.

■ Whether an employee has been permanently assigned to a vessel is to be considered in reference to the "nature and location" of the employee's employment taken as a whole. *Longmire v. Sea Drilling Corp.*, 610 F.2d 1342, 1347 (5th Cir.1980). In considering this employment, there must be more than a " 'transitory connection' " to a particular vessel or identifiable group of vessels. *Prinzi*, 738 F.2d at 710 (quoting *Ardoin v. J. Ray McDermott*, 641 F.2d 277, 281 (5th Cir. 1981)).

In similar situations, wherein a temporary maritime worker was permanently assigned to a tender vessel associated with a temporary work contract, the Fifth Circuit has repeatedly held that the distinction between seamen and transitory maritime workers is "fundamental" and should not be blurred. *Lirette v. N.L. Sperry Sun, Inc.*, 831 F.2d 554, 557 (5th Cir.1987); *cf. Barrett v. Chevron, Inc.*, 781 F.2d 1067 (5th Cir.1986);

---

4. While the *Robison* test may appear uncomplicated and straightforward, its application and interpretation under seemingly similar fact scenarios have resulted in different outcomes. *Compare Bertrand v. International Mooring & Marine, Inc.*, 700 F.2d 240 (5th Cir.1983); *with Bach v. Trident Steamship Co.*, 920 F.2d 322 (5th Cir.1991), *aff'd on remand*, 947 F.2d 1290 (5th Cir.1991); *and Ardleigh v. Schlumberger Ltd.*, 832 F.2d 933 (5th Cir.1987).

5. It is uncontested that the jack-up boat is a vessel under the Jones Act.

*Brown v. ITT Rayonier, Inc.,* 497 F.2d 234, 238 (5th Cir.1974) (denying permanency on the basis of the "temporary, albeit operational, relationship with the vessel") (citing *Owens v. Diamond M Drilling Co.,* 487 F.2d 74 (5th Cir.1973) & *Cox v. Otis Engineering Corp.,* 474 F.2d 613 (5th Cir.1973)). A closer examination of these cases compels the conclusion that the first prong of the *Robison* test cannot be satisfied on the instant facts.

In *Guidry v. Continental Oil Co.,* 640 F.2d 523, 529 (5th Cir.1981), *cert. denied,* 454 U.S. 818, 102 S.Ct. 96, 70 L.Ed.2d 87 (1981), the Fifth Circuit held that a contract worker was not permanently assigned to a vessel or fleet of vessels. Guidry was a casing worker who was an employee of a contractor similar to Defendants. Guidry had worked on twenty-nine assignments of short duration on third party structures. Although Guidry had worked temporarily on the vessels, Guidry was not found to be a seaman because he was not permanently assigned to any particular vessel or group of vessels. *Guidry,* 640 F.2d at 529. The Fifth Circuit stated that the "relationship between the individual and an identifiable vessel or group of vessels must be substantial in point and time, not spasmodic." *Id.* Because Guidry was assigned to the floating rigs at random and "at no time was he assigned to work on a particular rig on a continuing or regular basis," the court found that Guidry's relationship was not substantial enough to be considered permanent. *Id.* Guidry was just a temporary worker assigned to a temporary job until the job was finished.

In another similar case, the Fifth Circuit reiterated that a temporary worker is not a seaman. *Lormand v. Superior Oil Co.,* 845 F.2d 536 (5th Cir.1987), *cert. denied,* 484 U.S. 1031, 108 S.Ct. 739, 98 L.Ed.2d 774 (1988). The worker was an employee for a contractor. The employee, Lormand, was a temporary contract welder, and at the time of his injury, he was assigned to a work crew which was to do work on a third party's fixed platform. Similar to the case at hand, Lormand was doing work pursuant to his employer's contract with a third party to repair that third party's fixed platform. Because the platform was small, Lormand ate, slept and even performed his welding on an adjacent jack-up boat. To gain seaman status, Lormand claimed that he was assigned to the tender vessel and the assignment was permanent. Lormand argued that since he was assigned to the job until it was completed, the assignment was of indefinite duration and therefore a permanent assignment. However, the court rejected this argument, because the evidence indicated that Lormand's assignment was for a relatively definite period of short duration. *Lormand,* 845 F.2d at 541 n. 5.[6] Thus, in reference to the nature and location of the employee's employment taken as a whole, Lormand was just a temporary worker on a temporary assignment. Lormand's connection to the vessel was too transitory to confer seaman status.

In Defendants' motion for summary judgment, Defendants met their burden of demonstrating that there was no genuine issue of material fact with regard to whether Plaintiff was permanently assigned to the jack-up boat. The Defendants submitted affidavits and exhibits indicating that Plaintiff was not permanently assigned to the jack-up boat. In fact, the evidence[7] indicates that

---

6. "Even if Lormand's assignment to the [jack-up vessel] had been for an indefinite period, an indefinite assignment does not automatically make it 'more or less' permanent; rather, it is only a factor to be considered in making that determination." *Lormand v. Superior Oil Co.,* 845 F.2d 536, 541 n. 5 (5th Cir.1987).

7. In Defense Exhibit A, Defendants' records custodian stated that: Dynamic Industries, Inc. provided temporary contract services for its customers; when a customer needed service on a structure, the customer would call Defendant to request the service; Defendant's work crews were sent out on limited service contracts and would stay on a job only long enough to finish the requested task; Defendant's employees performed temporary work; Defendant's service contracts were performed primarily on fixed offshore structures; Plaintiff was an employee of Defendant from October 8, 1992 until November 4, 1992; Plaintiff was assigned to four separate assignments while employed with Defendants; Plaintiff never worked a single day for Defendant on a job where the work was to be performed aboard a vessel in navigation; Defendant never indicated to Plaintiff that he would be exclusively assigned to a vessel; Plaintiff was dispatched randomly on the basis of need and availability; Plaintiff would stay on a job only long enough to finish the requested task; Plaintiff was sent to work on a structure for BHP on a temporary

Plaintiff was a transitory maritime worker with no more than a transitory connection to the jack-up boat.

The burden shifted to Plaintiff to make a showing sufficient to establish the existence of a genuine issue of material fact regarding whether Plaintiff was in fact permanently assigned to the jack-up boat. In an attempt to satisfy this burden, Plaintiff submitted his affidavit.[8]

▪ The Fifth Circuit has stated that a court "must view the evidence and the inferences to be drawn therefrom in the light most favorable to the party opposing the motion." *Coulter v. Texaco, Inc.,* 714 F.2d 467, 468 (5th Cir.1983). Nevertheless, a judge may discount evidence which is unspecific or immaterial.[9] *Leonard v. Dixie Well Service & Supply, Inc.,* 828 F.2d 291, 295 (5th Cir.1987). It is well settled that:

> [I]n ruling on a motion for summary judgment, it is not the judge's function to weigh the evidence but only to determine whether there is a genuine issue for trial. Yet as the Supreme Court has stated, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."

*New v. Associated Painting Services, Inc.,* 863 F.2d 1205, 1209 (5th Cir.1989) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)).

Even when viewed in the light most favorable to the Plaintiff, the Plaintiff's evidence is insufficient to raise a genuine issue of material fact.[10] Most of the proffered evidence found in Plaintiff's affidavit is unspecific and, therefore, incompetent under Rule 56. "Affidavits ... setting forth ultimate facts or conclusions of law can neither support nor defeat a motion for summary judgment." *Leonard,* 828 F.2d at 295 (citing *Galindo v. Precision American Corp.,* 754 F.2d 1212, 1216 (5th Cir.1985)). Plaintiff's assertions made in the affidavit[11] are conclusory at best; therefore, they are immaterial and insufficient to establish the existence of the permanency element. *Leonard,* 828 F.2d at 295.

While Plaintiff maintains he was permanently assigned to the jack-up boat, he has presented no evidence to confront the assertion that he was no more than a temporary maritime worker with only a temporary connection to the jack-up boat. It appears that Plaintiff was assigned to the BHP project as a worker for Defendant. The BHP project was of a relatively short duration, and the

---

basis and was never assigned to a vessel or a fleet of vessels; Plaintiff's duties on the BHP job were to assist in moving equipment and performing general maintenance tasks in support of the welding, sandblasting, and painting work being performed on the BHP fixed platform; and Plaintiff did not possess seaman's papers or coast guard licenses.

In Defense Exhibit B, Plaintiff's supervisor on the BHP job stated that: the BHP job was to provide welding, sandblasting, and painting services on the BHP fixed platform; Plaintiff's duties were to assist the welder and sandblaster/painters in performing welding, sandblasting and painting on the BHP fixed platform; Plaintiff performed at most 10% of his work aboard the jack-up boat; Plaintiff did not take orders from the captain or member of the crew of any vessel; Plaintiff slept and ate aboard the jack-up boat; and any work Plaintiff performed aboard the jack-up boat was brief in duration.

**8.** No additional depositions, interrogatories, or exhibits were submitted by Plaintiff.

**9.** The evidence of a nonmovant is to be believed, and all justifiable inferences are to be drawn in

his favor. However, "a judge assessing the 'persuasiveness' of evidence presented on a motion for summary judgment may discount such evidence as unspecific or immaterial, but not as unbelievable." *Leonard v. Dixie Well Service & Supply, Inc.,* 828 F.2d 291, 294 (5th Cir.1987).

**10.** Rule 56(c) provides that a court should consider the pleadings, depositions, answers to interrogatories, admissions on file and affidavits in ruling on a motion for summary judgment. Fed. R.Civ.P. 56(c). The court should not and did not rely upon factual assertions made in the briefs because "documents of this character are self-serving and are not probative evidence of the existence or nonexistence of any factual issues." 10A CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY K. KANE, FEDERAL PRACTICE AND PROCEDURE § 2723 (1983).

**11.** Plaintiff stated that: "[he] was injured ... in the course and scope of [his] employment with Defendant;" "[he] was ... permanently assigned to the tender vessel for the duration of the work assignment;" and "[he] was permanently assigned to this tender vessel."

assignment was to last only until the work was completed. Plaintiff's connection with the jack-up boat was too transitory. Upon close inspection, this case is essentially indistinguishable from *Guidry* and *Lormand.*

In the alternative, the permanency requirement could not be satisfied using the "fleet" theory. A "fleet" is an "identifiable group of vessels acting together or under one control." *Lirette v. N.L. Sperry Sun, Inc.,* 831 F.2d 554, 556 (5th Cir.1987). "It is well established that a large number of variously owned and controlled vessels does not constitute a fleet." *Campo v. Electro–Coal Transfer Corp.,* 970 F.2d 51, 53 (5th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1261, 122 L.Ed.2d 659 (1993). Plaintiff has proffered no evidence indicating that he worked on a vessel during his first assignment. Nevertheless, even if the court was to conclude, for the sake of argument, that a jack-up boat was present in Plaintiff's first work assignment as well as the BHP assignment, the permanency requirement would not be satisfied because there is no evidence offered here that those two vessels constitute an identifiable fleet of vessels. Defendants did not own, charter or lease the vessels in the course of its contracting work, and Defendants had no common control or ownership of the vessels which were associated with Plaintiff's jobs. *Campo v. Electro–Coal Transfer Corp.,* 970 F.2d 51, 53 (5th Cir. 1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1261, 122 L.Ed.2d 659 (1993). Under these circumstances, the jack-up boats, to which

Plaintiff was connected, do not qualify as part of a fleet.[12] *See Lirette,* 831 F.2d at 557.

In Plaintiff's response, he claims that he was permanently assigned to a vessel or identifiable fleet of vessels; however, his conclusory affidavit does not support this assertion. There is no evidence that raises a genuine issue of material fact concerning this issue. It is the opinion of this court that Plaintiff did not set forth specific facts establishing a genuine issue of material fact with regard to whether Plaintiff was permanently assigned to the jack-up boat.

### B.

■ Because the first prong of the *Robison* test is disjunctive, it may also be satisfied if an employee performed a substantial part of his work on a vessel or identifiable fleet of vessels. In determining whether an employee performed a substantial part of his work on a vessel,[13] there is no bright line test. *Keener v. Transworld Drilling Co.,* 468 F.2d 729, 732 (5th Cir.1972). However, at a minimum, it must be shown that the employee performed a significant part of his work aboard the ship with at least some degree of regularity and continuity. *Keener,* 468 F.2d at 732. When an employee performs his work on both land (or fixed platform) and vessel, the employee's status should be "determined 'in the context of his entire employment' with his current employer." [14] *Barrett,* 781 F.2d 1067, 1075 (5th Cir.1986) (quoting *Longmire v. Sea Drilling Corp.,* 610 F.2d 1342, 1347 n. 6 (5th Cir.1980)); *see also*

---

**12.** Although *Bertrand v. International Mooring and Marine, Inc.,* 700 F.2d 240 (5th Cir.1983), *cert. denied, International Mooring & Marine, Inc. v. Bertrand,* 464 U.S. 1069, 104 S.Ct. 974, 79 L.Ed.2d 212 (1984), appeared to allow a momentary expansion of the fleet concept, the Fifth Circuit has limited the application of *Bertrand. See Lirette v. N.L. Sperry Sun, Inc.,* 831 F.2d 554, 557 (5th Cir.1987); *Bach v. Trident Steamship Co.,* 920 F.2d 322 (5th Cir.1991), *aff'd on remand,* 947 F.2d 1290 (5th Cir.1991); *Ardleigh v. Schlumberger Ltd.,* 832 F.2d 933 (5th Cir.1987). Although *Bertrand* thus expanded the concept of a fleet to encompass vessels used, but not owned or chartered, by the employer, we do not believe that it can fairly be read so broadly as to confer seaman status on every worker whose duties place him aboard a large number of randomly-owned and controlled vessels for

short periods of time that aggregate to comprise a substantial portion of his working time, nor do we believe that *Bertrand* rejected the identifiable or recognizable fleet requirement established by our prior cases.
*Buras v. Commercial Testing & Engineering Co.,* 736 F.2d 307, 311–312 (5th Cir.1984).

**13.** As was stated in the preceding section, Plaintiff did not work on an identifiable fleet of vessels. Therefore, for this inquiry, the court only considers Plaintiff's work performed on the BHP jack-up boat.

**14.** A court should not consider the status of the employee solely at the time of injury. *Thibodeaux v. Torch, Inc.,* 858 F.2d 1048, 1051 (5th Cir.1988).

*Smith v. Odom Offshore Surveys, Inc.,* 791 F.2d 411, 416 (5th Cir.1986).

■ In determining whether Plaintiff performed a significant part of his work aboard a vessel, this court has only considered Plaintiff's work performed on the jack-up boat in the BHP assignment in relation to his total employment. The plaintiff's affidavit asserts no other connection to any other vessels. According to Defendants' exhibits, Plaintiff performed at most 3.5% of his work, while employed with Defendants, on the jack-up boat attached to the BHP fixed platform.[15]

To contest the Defendants' evidence, Plaintiff proffered a single affidavit. The Plaintiff's affidavit made no attempt to directly contradict the Defendant's 3.5% figure. Plaintiff merely states, "While I was working off of the coast, part of my job duties were to assist in the maintenance and repair of a drilling platform" and "I was a rigger assigned to the crane and to rigging the 'pig catcher.'" While this court has viewed the Plaintiff's affidavit and drawn the inferences therefrom in the light most favorable to the Plaintiff, the affidavit is insufficient. Rule 56(e) requires that a non-movant must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *See Rosas v. United States Small Business Adm.,* 964 F.2d 351, 358–59 (5th Cir.1992); *see also Anderson,* 477 U.S. at 249–52, 106 S.Ct. at 2510–12; and *Leonard,* 828 F.2d at 295. Plaintiff's statements are unspecific and take no position regarding the amount of work that Plaintiff performed on the jack-up

boat.[16] Clearly, 3.5 percent, as asserted by the Defendant, would not be adequate to be considered a substantial part of Plaintiff's work [17] or come close to establishing a genuine issue of material fact.

It is true that the Fifth Circuit has stated that the question of seaman status should not ordinarily be removed from the trier of fact. *Bernard v. Binnings Const. Co.,* 741 F.2d 824, 827 (5th Cir.1984); *Barrios v. Louisiana Constr. Materials Co.,* 465 F.2d 1157, 1162 (5th Cir.1972); *see Ardoin v. J. Ray McDermott & Co.,* 641 F.2d 277 (5th Cir.1981); *Leonard v. Exxon Corp.,* 581 F.2d 522, 524 (5th Cir.1978), *cert. denied,* 441 U.S. 923, 99 S.Ct. 2032, 60 L.Ed.2d 397 (1979). But in the same breath, the Fifth Circuit has also stated that summary judgment is proper on the question of seaman status where the record reveals no evidence from which reasonable persons might draw conflicting inferences on any of the elements of the seaman test. *Bernard,* 741 F.2d. at 828; *Ardoin v. J. Ray McDermott & Co.,* 641 F.2d at 280; *Lirette v. N.L. Sperry Sun, Inc.,* 831 F.2d 554, 555 (5th Cir.1987). The Supreme Court has stated, "[where] the record taken as a whole could not lead a rational trier of fact to find for the non-moving party ..." there is no genuine issue of material fact. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968)). Thus, where the "'only rational

15. This figure comes from the following numbers. Plaintiff worked 26.5 hours on job 1. Plaintiff worked 81 hours at the BHP assignment. Plaintiff worked 122 hours on jobs 3 and 4. This amounts to a total of 229.5 hours. Of the 81 hours spent on the BHP assignment, Defendants allege that only 10% of that assignment was spent working on a vessel; therefore, Defendant alleges that Plaintiff spent approximately 8.1 hours working on a vessel. Finally, 8.1 hours divided by 229.5 hours approximately equals 3.5%.

16. There was some competent evidence provided by Plaintiff's affidavit; however, the competent evidence does not refute the Defendants' evidence nor establish a genuine issue of material fact. Germane to this inquiry, Plaintiff states, "I was injured ... while assigned to a tender vessel

which was assisting in the repair of a drilling rig;" "At one time, I traveled [sic] on the tender vessel to shore to pick up provisions and supplies;" "While on the vessel, I slept, ate and was quartered on the vessel itself;" and "I was assigned a station on the tender vessel on the upper deck when the vessel was underway."

17. As was previously stated, no bright line threshold exists, but the Fifth Circuit has held that 30 percent was not sufficient. *Keener v. Transworld Drilling Co.,* 468 F.2d 729 (5th Cir. 1972) (holding that 25 percent was not equivalent to performing a substantial part of his work on a vessel); *Palmer v. Fayard Moving and Transportation Corp.,* 930 F.2d 437 (5th Cir.1991) (holding that 19 percent was not equivalent to performing a substantial part of her work on a vessel).

inference to be drawn from the evidence is that the worker is not a seaman,' summary judgment is proper." *Daniel v. Ergon, Inc.,* 892 F.2d 403, 407 (5th Cir.1990) (quoting *Beard v. Shell Oil Co.,* 606 F.2d 515, 517 (5th Cir.1979)).

It is clear that Plaintiff has not established a genuine issue of material fact with regard to the first prong of the *Robison* test. The only rational inference to be drawn from the summary judgment evidence is that Plaintiff was not a seaman.[18] This court finds that Plaintiff was not a seaman as a matter of law and that summary judgment is therefore appropriate as to Plaintiff's Jones Act negligence claim.

### UNSEAWORTHINESS CLAIM

Plaintiff has not disputed Defendant's assertion that it did not own, operate or control the jack-up boat on which Plaintiff was allegedly injured. Only owners and operators may be liable for unseaworthiness of a vessel. *See, e.g., Guidry,* 640 F.2d at 530; *Baker v. Raymond Intern.,* 656 F.2d 173 (5th Cir.1981), *cert. denied,* 456 U.S. 983, 102 S.Ct. 2256, 72 L.Ed.2d 861 (1982). Summary judgment is therefore appropriate as to Plaintiff's unseaworthiness claim.

### MAINTENANCE AND CURE

Summary judgment, with respect to the last two claims presented by the Plaintiff, is granted. The right to recover maintenance and cure is limited to seamen. *Stokes v. B.T. Oilfield Services,* 617 F.2d 1205, 1206 (5th Cir.1980). Therefore, because Plaintiff has failed to satisfy the *Robison* test, Plaintiff is not a seaman and may not seek maintenance and cure. Likewise, Plaintiff's cause of action for tortious failure to pay maintenance and cure fails.

### CONCLUSION

Because Plaintiff is not a "seaman" and because Defendants had nothing to do with the vessel alleged to be unseaworthy, Defendants' motion is GRANTED.

---

**18.** Because Plaintiff has failed to satisfy the first prong of the *Robison* test, there is no need to

### FINAL JUDGMENT

This judgment is entered pursuant to Fed. R.Civ.P. 58 and the court's "Memorandum Opinion and Order Granting Defendants' Motion for Summary Judgment" signed September 27, 1994.

In accordance with the ruling set forth in the memorandum opinion and order, it is ORDERED and ADJUDGED that the Plaintiff Sammey Godeaux shall take nothing of and from the Defendants and that costs be taxed against the Plaintiff.

SIGNED this 27th day of September, 1994.

consider whether he satisfied the second prong.