Jimmy Dave **WILLIAMS**

v.

**WEBER MANAGEMENT SERVICES, INC., et al.**

Civ. A. No. 86–535–B.

United States District Court, M.D. Louisiana.

May 26, 1987.

Gary P. Koederitz, Koederitz & Bohrer, Baton Rouge, La., for plaintiff.

David S. Bland, John T. Nesser, New Orleans, La., for defendants.

POLOZOLA, District Judge.

This matter is before the court on the motion of the defendants, Weber Management Services, Inc. ("Weber") and St. James Stevedoring Company ("St. James"), for summary judgment. No oral argument is required on this motion.

The plaintiff, Jimmy Dave Williams, filed this action against Weber and St. James, seeking damages for injuries allegedly sustained while working aboard the vessel Bulk I, which is allegedly owned and/or operated by the defendants.

The court finds that plaintiff was covered by the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq ("LHWCA") at the time of the accident. Since plaintiff was excluded from coverage as a seaman under the Jones Act, 46 U.S.C. § 688, Weber and St. James' motion for summary judgment must be granted.

The facts in this case are not in dispute. Plaintiff contends in his deposition that he appeared on the premises of Weber in Burnside, Louisiana asking for work on February 18, 1986. Plaintiff was hired by Bert Gonzales, an employee of defendants, that same morning. Plaintiff states that he was hired to do mechanical work on a crane and more specifically to repair the drum and brake assembly of the crane. Plaintiff testified that he has no able bodied seaman's papers and the last time he worked on a vessel was in the late 1950's. It is clear that plaintiff had not worked for either of the defendants prior to February 18th. The injuries plaintiff received allegedly occurred when he fell from a ladder while returning to the worksite after finding a sledgehammer. Thus, it is clear from that record that plaintiff was hired as a ship repairer. In response to plaintiff's suit defendants have filed a motion for summary judgment. Defendants contend that the Jones Act does not apply under the facts of this case. The court agrees.

Although seaman status is ordinarily a question for the trier of fact, "that status may be determined by summary judgment in the appropriate situation." *Barrett v. Chevron, U.S.A., Inc.*, 781 F.2d 1067 (5th Cir.1986). Summary judgment is proper on the issue of seaman status where the underlying facts are undisputed, as in this case, and the record reveals no evidence from which reasonable persons might draw conflicting inferences on any of the elements of the seaman test. *Bernard v. Brinnings Construction Co.*, 741 F.2d 824, 828 (5th Cir.1984).

The Fifth Circuit in *Pizzitolo v. Electro-Coal Transfer Corp.*, 812 F.2d 977 (5th Cir.1987) addressed a situation which is very similar to the case pending now before the court. The issue presented in *Pizzitolo*, supra, was whether an electrician who spent 25% of his time repairing equipment on vessels was a seaman within the meaning of the Jones Act. The court stated that Section 902(3) of the LHWCA expressly provided coverage for employees engaged in certain occupations, including longshoremen and ship repairers. *Id.* 983.

The court further stated:

Although we have on occasion analyzed the question of whether an employee engaged in longshoring or ship repairing was a member of the crew of a vessel under the *Robison* test we are persuaded that such an analysis is unnecessary if the employee is engaged in an occupation expressly enumerated in the Act.

*Id.* at 983.

In conclusion the court held:

In sum, we hold that because longshoremen, shipbuilders and ship repairers are engaged in occupations enumerated in the LHWCA, they are unqual-

ifiedly covered by that Act if they meet the Act's situs requirements; coverage of these workmen by the LHWCA renders them ineligible for consideration as seamen or members of the crew of a vessel entitled to claim the benefits of the Jones Act.

*Id.*

It is clearly established by plaintiff's deposition that he was engaged in ship repair—that is the repair of a crane's drum and brake assembly. Plaintiff further states that he was hired as a "mechanic". Therefore, since it is undisputed that plaintiff was hired as a ship repairer and that he was injured on a covered situs—a barge located in the Mississippi River—he is unqualifiedly covered by the LHWCA. Therefore, plaintiff is ineligible for consideration as a seaman under the Jones Act.

Although the plaintiff also alleges that he helped "hose down" the barge on occasion, which plaintiff classifies as "traditional maritime work," the court finds that the clear import of the *Pizzitolo* decision is that since plaintiff was undisputedly engaged in ship repair, he is covered by the LHWCA. The analysis ends there. The Fifth Circuit in *Pizzitolo* stated:

> Given the explicit coverage of workmen engaged in the enumerated occupations, we reject the notion that Congress could have intended to exclude them from the benefits of the LHWCA as members of the crew of a vessel.

*Id.*

■ Coverage under the Jones Act and the LHWCA is mutually exclusive. Since this court finds that Williams is covered under the LHWCA, defendants' motion for summary judgment will be granted because the plaintiff was not a seaman at the time of his alleged accident as a matter of law.

This court further finds that even applying the seaman status test enunciated in *Offshore Company v. Robison*, 266 F.2d 769 (5th Cir.1959) and *Barrett v. Chevron U.S.A., Inc.*, 781 F.2d 1067 (5th Cir.1986) (en banc), plaintiff was not a Jones Act seaman as a matter of law under the facts of this case. *Robison* requires the satisfac-

tion of two conditions to be classified as a seaman: (1) the individual must be permanently assigned to a vessel or perform a substantial part of his work on a vessel or vessels; and (2) the capacity in which he was required to perform contributed to the function or mission of the vessel. 266 F.2d at 779. The Fifth Circuit has made it clear that the relationship between the plaintiff and a vessel creating seaman status must be substantial in point of time and work and not merely sporadic. *Barrett,* supra.

■ Although plaintiff states frequently in his deposition that he was hired "permanently," this is insufficient to defeat a properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* — U.S. —, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Defendants have submitted evidence that plaintiff was hired as a day laborer to help repair a crane. Plaintiff has failed to submit evidence to satisfy the *Robison* and *Barrett* conditions. Plaintiff admits that he filled out no application forms, completed no W–2 forms and had not made an appointment to interview for a job. Mr. Gonzales, whom plaintiff claims hired him to work on a "permanent" basis submitted an affidavit denying such. There is other evidence that Mr. Gonzales was without authority to hire a permanent employee. The mere fact plaintiff was a permanent employee is not sufficient. He must have some permanent connection to a vessel. *Miller v. Rowan Companies*, 815 F.2d 1021 (5th Cir.1987).

■ At the summary judgment stage, it is not the function of this court to weigh the evidence and determine the truth of the matter. The court must determine whether there is a genuine issue for trial. However, the existence of a mere scintilla of evidence in support of the plaintiff's position will not be sufficient to defeat a summary judgment motion. *Id.*, 106 S.Ct. at 2512.

The record clearly shows that Williams has failed to meet the first prong of the *Robison* test. He lacks the permanent connection to the Bulk I that *Barrett* and *Robison* require.

In summary, the court finds that the plaintiff, Jimmy Dave Williams, was engaged in ship repair and is therefore afforded coverage under the LHWCA and not the Jones Act. The court further finds in the alternative that there is no evidence in the record from which reasonable persons might draw conflicting inferences on the elements of the seaman test. As to the Bulk I, plaintiff was not a seaman because he lacked a permanent connection to the vessel.

Therefore:

IT IS ORDERED that the motion of Weber Management Services and St. James Stevedoring Company, Inc. for summary judgment be and it is hereby GRANTED.

Judgment shall be entered dismissing plaintiff's suit with prejudice.