**Jimmy Dave WILLIAMS,
Plaintiff–Appellant,**

**v.**

**WEBER MANAGEMENT SERVICES,
INC. and St. James Stevedoring
Company, Defendants–Appellees.**

**No. 87–3433
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 18, 1987.

Gary P. Koederitz, Koederitz & Bohrer, Baton Rouge, La., for plaintiff-appellant.

John T. Nesser, III, David S. Bland, New Orleans, La., for defendants-appellees.

Before CLARK, Chief Judge, WILLIAMS and DAVIS, Circuit Judges.

PER CURIAM:

Williams appeals the district court's order, 661 F.Supp. 391, dismissing his claims under the Jones Act on summary judgment. Finding that Williams is foreclosed from filing claims as a Jones Act seaman because he is covered under the Longshore and Harbor Workers' Compensation Act, we affirm.

### I.

Jimmy Dave Williams was hired by Weber Management Services on the morning of February 18, 1986 to repair the drum and brake assembly of a crane on a moored barge, the BULK I, and to hose off its deck. The vessel was operated by St. James Stevedoring Company. Approximately three to four hours after he was hired, Williams fell from a ladder while returning to his worksite and sustained injuries. Williams sued Weber and St. James under the Jones Act, 46 U.S.C. § 688 (1975), claiming that their negligence caused his injuries. The district court dismissed Williams' Jones Act claims on summary judgment finding that because he was a ship repairer expressly covered under § 2(3) of the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §§ 901 *et seq.* (1986), he was precluded from filing suit under the Jones Act. Williams appeals. We affirm.

### II.

The issue of Jones Act seaman status is left to the jury except in the rare circumstance where the underlying facts are undisputed and the record reveals no facts from which reasonable persons could draw conflicting inference. *Lirette v. N.L. Sperry Son, Inc.,* 831 F.2d 554, 555 (5th Cir. Nov. 5, 1987); *Abshire v. Seacoast Products, Inc.,* 668 F.2d 832, 835 (5th Cir. 1982). The district court in this case correctly concluded that reasonable persons could not conclude that Williams was a Jones Act seaman.

It is undisputed that Williams was hired to do repair work on the barge. As a repairman, Williams is entitled to receive weekly disability benefits under § 2(3) of the LHWCA. Section 902(3) defines an "employee" covered under the LHWCA as "any person engaged in maritime employment, including any longshoreman or other person engaged in longshoring operations, and any harbor-worker including a ship repairman, shipbuilder, and shipbreaker...." Because Williams was hired to do repair work on the BULK I, he falls within § 902(3). Williams has been receiving weekly benefits under the LHWCA since his injury. In *Pizzitolo v. Electro–Coal Transfer Corp.,* 812 F.2d 977, 982 (5th Cir.1987) we held that coverage under the LHWCA precluded a finding of Jones Act seaman status. The district court correctly ruled that because Williams was covered under the LHWCA, *Pizzitolo* required summary judgment in favor of Weber and St. James on the issue of Jones Act seaman status.

Williams argues that his suit cannot be dismissed under *Pizzitolo* because he fulfils the test of seaman status set forth

in *Offshore Company v. Robison*, 266 F.2d 769, 779 (5th Cir.1959) and reaffirmed in *Barrett v. Chevron, U.S.A., Inc.*, 781 F.2d 1067, 1072–74 (5th Cir.1986) (en banc). In *Robison* we held that to be entitled to Jones Act seaman status, an employee must demonstrate (1) that he was assigned permanently to a vessel or performed a substantial part of his work on a vessel or fleet of vessels, and (2) that the work he performed contributed to the mission of the vessel. *Robison,* 266 F.2d at 779. Williams contends that he fulfils the requirements of *Robison* because he was hired permanently to work on the BULK I and, although he was injured while doing repair work, he was also hired to perform the traditional seaman's job of hosing down the vessel. The district court correctly held that Williams did not meet the *Robison* test. The man who hired Williams testified that Williams was selected from a pool of temporary workers on the morning of his injury to do isolated repair work. He had not filled out an employment application or a W–2 form and possessed no able-bodied seaman's papers. This evidence clearly indicates that Williams had only "a transitory connection with a vessel or specific group of vessels," *Barrett,* 781 F.2d at 1074, and does not fulfill the permanency prong of *Robison.* Williams' assertions that he was hired permanently are not supported by facts and are insufficient to oppose Weber's and St. James' motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

Nor did Williams meet the substantiality prong of *Robison.* A repairman who is hired the morning of his injury to perform discrete vessel repairs can not be considered to have "performed a significant part of his work aboard the vessel with at least some degree of regularity and continuity." *Barrett,* supra, 781 F.2d at 1074–75.

■ Hence, the district court correctly determined that Williams did not meet the *Robison* test for seaman status. However, the court did not have to reach the issue. Once a district court makes an initial find-

ing that a worker is covered under the LHWCA, summary judgment is proper under *Pizzitolo* and a further application of the *Robison* test is unnecessary.

For the foregoing reasons the order of the district court is

AFFIRMED.