Justice White,
with whom Justice Blackmun joins,
dissenting.
The issue here is the proper definition of seaman status under the Jones Act. Petitioner, an employee for a welding company, was injured while working aboard a barge. He brought suit in District Court against his employer and the owner of the barge. The suit was unsuccessful, and in particular the District Court granted summary judgment for petitioner’s employer on the Jones Act claim, ruling that petitioner was not a “seaman” as that term is used in 46 U. S. C. §688. The Fifth Circuit affirmed on appeal, adhering to the test for determining seaman status that it had recently stated in an en banc decision. Lormand v. Superior Oil Co., 845 F. 2d 536, 539 (1987), citing Barrett v. Chevron U. S. A., Inc., 781 F. 2d 1067 (CA5 1986) (en banc). Judge Rubin stated that he concurred in the opinion only because he was bound to do so by the Barrett decision, though he continued to adhere to his dissent in Barrett. Judge Brown concurred separately on a different issue.
In Barrett, the Fifth Circuit as a whole reaffirmed its adherence to the test it had followed for almost 30 years, which states that to qualify as a “seaman” a person must either be assigned permanently to a vessel or perform a substantial part of his work aboard it, and also that the person’s duties or capacities must contribute to the function of the vessel or to the accomplishment of its mission. Barrett, supra, at 1070-1074; Offshore Co. v. Robison, 266 F. 2d 769 (CA5 1959). Of the eight judges who formed the major *1032 ity in Barrett, however, four concurred specially, noting that they joined the majority only to establish a firm rule but would have preferred to adopt the test formulated by the Seventh Circuit, which puts the issue of seaman status to a jury whenever the person “had a more or less permanent connection with a vessel in navigation” and “made a significant contribution to the maintenance, operation, or welfare of the transportation function of the vessel.” Johnson v. John F. Beasley Constr. Co., 742 F. 2d 1054, 1063, cert. denied, 469 U. S. 1211 (1985). Judge Rubin dissented, joined by five other judges, stating that the Robison test should be supplemented by considering the person’s status not only in light of his permanent job assignment but also in light of any assignment imposed on him for a hitch of more limited duration. Barrett, supra, at 1077-1078.
The test used by the Fifth Circuit to determine seaman status is inconsistent with the test used by the Seventh Circuit. In addition, the Third Circuit has formulated the second part of the Robison test as whether the person is aboard the vessel “primarily to aid in its navigation.” Simko v. C. & C. Marine Maintenance Co., 594 F. 2d 960, 964, cert. denied, 444 U. S. 833 (1979). The split among the Circuits on this issue warrants our granting certiorari.