Paul PETTY, Plaintiff,

v.

DAKOTA BARGE SERVICE, a
Minnesota corporation,
Defendant.

No. Civ. 4–88–712.

United States District Court,
D. Minnesota,
Fourth Division.

April 13, 1989.

Jerome B. Abrams and Robert M. Austin, Austin & Abrams (Norman Perl, of counsel), Minneapolis, Minn., for plaintiff.

Donald C. Mark, Jr. and Mary M. O'Brien, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, Minn. (Hubert I. Binowitz, Goldstein & Price, St. Louis, Mo., of counsel), for defendant.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This matter is before the Court on defendant's motion for summary judgment. Defendant's motion will be granted.

### FACTS

Plaintiff Paul Petty initiated this action to recover for injuries he allegedly suffered during the course of his employment with defendant Dakota Barge Service (Dakota Barge). Dakota Barge is a Minnesota corporation with its principal place of business in St. Paul, Minnesota. Dakota Barge is in the business of providing services to the barge industry on the Mississippi River.

This action is brought pursuant to the Jones Act, 46 U.S.C.App. § 688, and general maritime law. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1333.

Plaintiff began his employment as a welder with defendant in 1981. Over the course of his employment, plaintiff spent the majority of his working hours on a floating drydock located at defendant's facility or at the adjoining permanently moored structure known as the Ohio. On the drydock, plaintiff repaired barges belonging to defendant and its customers. On the Ohio, plaintiff acted as a carpenter, helping to refurbish that structure so it would more adequately serve its purpose as an office and machine shop. In connection with this refurbishing, plaintiff did carpentry work, plumbing, mechanical work, painting and other maintenance work. Plaintiff performed similar work aboard defendant's towboats which were brought in for repair.

During the course of his employment, defendant was required on numerous occasions to act as a deck hand shuttling barges to and from the maintenance area. On these occasions, plaintiff would board a towboat operated by one of his maintenance supervisors to help bring in a barge or shuffle barges around to place them in a position for repair at the drydock or for cleaning. At his deposition, defendant testified that this deck hand work occupied fifteen percent of his time between 1984 and the date of his accident. Deposition of Paul Petty at 37–38.

On August 15, 1986, plaintiff's supervisor Bob Burton took the helm of the towboat Sophie Rose with plaintiff aboard as deck hand to pick up a barge. Plaintiff's job as deck hand was to take a loop of steel cable from the towboat and attach it to a fitting on the barge. In the course of performing this maneuver, plaintiff suffered an injury to his back. Plaintiff initiated this action to recover for this injury and his subsequent disability.

### DISCUSSION

Plaintiff initiated this action seeking recovery under the Jones Act, 46 U.S.C.App. § 688, which provides that

[a]ny *seaman* who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury....

(Emphasis added.) Defendant now moves the Court for summary judgment arguing that plaintiff was not a seaman within the purview of the Jones Act. Defendant contends that plaintiff was a longshoreman or harbor worker and thus argues that plaintiff may recover for his alleged injuries only to the extent provided for under the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §§ 901 *et seq.* Plaintiff opposes defendant's motion arguing that the issue of whether plaintiff was a seaman is a genuine issue of material fact which must be decided by a jury.

■ A movant is not entitled to summary judgment unless the movant can show that no genuine issue exists as to any material fact. Fed.R.Civ.P. 56(c). In considering a summary judgment motion, a court must determine whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The role of a court is not to weigh the evidence but instead to determine whether, as a matter of law, a genuine factual conflict exists. *AgriStor Leasing v. Farrow,* 826 F.2d 732, 734 (8th Cir.1987). In making this determination, the Court is required to view the evidence in the light most favorable to the nonmoving party and to give that party the benefit of all reasonable inferences that can be drawn from the facts. *AgriStor Leasing,* 826 F.2d at 734. When a motion for summary judgment is properly made and sup-

ported with affidavits or other evidence as provided in Fed.R.Civ.P. 56(c), then the nonmoving party may not merely rest upon the allegations or denials of the party's pleading, but must set forth specific facts, by affidavits or otherwise, showing that there is a genuine issue for trial. *Lomar Wholesale Grocery, Inc. v. Dieter's Gourmet Foods, Inc.,* 824 F.2d 582, 585 (8th Cir.1987), *cert. denied,* 484 U.S. 1010, 108 S.Ct. 707, 98 L.Ed.2d 658 (1988). Moreover, summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). While the question of seaman status is ordinarily a jury question, a court may determine seaman status as a matter of law on a motion for summary judgment where there is no reasonable evidentiary basis to support a jury finding that the plaintiff is a seaman. *See Petersen v. Chesapeake and Ohio Railway Co.,* 784 F.2d 732, 737 (6th Cir. 1986); *Longmire v. Sea Drilling Corp.,* 610 F.2d 1342, 1345–46 (5th Cir.1980); *see also Slatton v. Martin K. Eby Construction Co.,* 506 F.2d 505, 510 (8th Cir.1974), *cert. denied,* 421 U.S. 931, 95 S.Ct. 1657, 44 L.Ed.2d 88 (1975).

■ The Jones Act gives "[a]ny seaman who shall suffer personal injury in the course of his employment" the right to bring an action for damages against his employer. 46 U.S.C.App. § 688. Conversely, the LHWCA prescribes rates of compensation for any injured maritime worker except "a master or member of a crew of any vessel." 33 U.S.C. § 902(3)(G). The Jones Act and the LHWCA provide mutually exclusive remedies.[1] *Pizzitolo v.*

---

1. In his complaint, plaintiff does not seek recovery only under the Jones Act. Rather, plaintiff claims that defendant is liable for breach of the warranty of seaworthiness under principles of general maritime law. In responding to defendant's motion, plaintiff contends that summary judgment is not appropriate as to plaintiff's claim for a breach of the warranty of seaworthiness because defendant has not moved for summary judgment on that claim.

The Court finds that plaintiff's argument with respect to his breach of the warranty of seaworthiness claim is without merit. Defendant argues in support of its motion for summary judgment that plaintiff's exclusive remedy against defendant is to recover compensation benefits under the LHWCA. As the United States Court of Appeals for the Eighth Circuit has held, eligibility for LHWCA protection disqualifies a worker from claiming protection under the war-

*Electro–Coal Transfer Corp.*, 812 F.2d 977, 979 (5th Cir.1987), *cert. denied*, 484 U.S. 1059, 108 S.Ct. 1013, 98 L.Ed.2d 978 (1988). Generally, the term "seaman" and the phrase "member of a crew of any vessel" are interchangeable. *Longmire*, 610 F.2d at 1345. Defendant argues that plaintiff was not a "seaman" or a "member of a crew of any vessel" and therefore may recover only under the LHWCA.

■ Defendant's argument that plaintiff's exclusive remedy is provided by the LHWCA finds support in a recent case in which the United States Court of Appeals for the Fifth Circuit held that if an employee is engaged in an occupation specifically enumerated in the LHWCA, the employee is not a seaman and any suit by the employee under the Jones Act must be dismissed. *Pizzitolo*, 812 F.2d at 983; *see also Williams v. Weber Management Services, Inc.*, 839 F.2d 1039, 1041 (5th Cir. 1987) ("Once a district court makes an initial finding that a worker is covered under the LHWCA, summary judgment is proper under *Pizzitolo* and a further application of the [seaman] test is unnecessary."). Title 33 U.S.C. § 902(3) defines an "employee" covered by the LHWCA as

any person engaged in maritime employment, including any longshoreman or other person engaged in longshoring operations, and any harbor-worker including a ship repairman, shipbuilder, and shipbreaker. . . .

In this case, even accepting as true plaintiff's characterization of the facts relating to his employment, it is clear that plaintiff was engaged largely in performing the duties of a harbor worker. Plaintiff worked as a welder repairing barges and boats on defendant's dry dock. Petty Dep. at 27. Further, plaintiff performed carpentry work, plumbing, mechanical work, painting and general maintenance work on defendant's floating office and other vessels. Petty Dep. at 25–27. In short, plaintiff acted as a harbor worker/ship repairman and thus is specifically covered by the LHWCA. Under these circumstances, summary judgment in favor of defendant is appropriate under *Pizzitolo*.

■ The Court finds that summary judgment is likewise appropriate under the traditional seaman test annunciated in *Offshore Co. v. Robison*, 266 F.2d 769, 780 (5th Cir.1959), and adopted by the Eighth Circuit in *Slatton*, 506 F.2d at 510. Under the *Robison* test, an employee is deemed to be a seaman or a member of a crew of a vessel if:

(1) the injured workman performed at least a substantial part of his work on the vessel or was assigned permanently to the vessel; and

(2) the capacity in which the workman was employed and the duties which he performed contributed to the function of the vessel or to accomplishment of its mission.

*Miller*, 851 F.2d at 204, *citing Slatton*, 506 F.2d at 510. A plaintiff's status as a seaman is determined at the time of his injury. *See Petersen*, 784 F.2d at 732.

In seeking to establish his status as a seaman for purposes of the Jones Act, plaintiff focuses on the fact that during the course of his employment with defendant (and more specifically at the time he was injured), plaintiff was called upon to perform the duties of a deck hand. Typically, plaintiff would be asked to assist in shuttling barges to and from the maintenance area. Plaintiff estimated that at the time of his accident, he was spending approximately fifteen percent of his time performing this deck hand work. Petty Dep. at 37–38.

■ In order to be considered a seaman for purposes of the Jones Act, plaintiff must have performed the duties of a deck hand as a substantial part of his work. *See Miller*, 851 F.2d at 204. *See also Lormand v. Superior Oil Co.*, 845 F.2d 536, 540 (5th Cir.1987), *cert. denied*, 484 U.S. 1031, 108 S.Ct. 739, 98 L.Ed.2d 774 (1988). The mere fact that plaintiff spent a small percentage of his overall work time

ranty of seaworthiness. *Miller v. Patton–Tully Transportation Co.*, 851 F.2d 202, 204 (8th Cir. 1988). Accordingly, the Court's decision regarding plaintiff's seaman status controls plaintiff's claim for breach of the warranty of seaworthiness.

performing deck hand duties does not transform plaintiff into a seaman. *See Miller,* 851 F.2d at 204. Plaintiff estimated that he spent fifteen percent of his time working as a deck hand. In similar cases, courts have held as a matter of law that such a percentage is insufficient to establish an employee as a Jones Act seaman.

In *Lormand,* plaintiff was a welder who spent approximately fourteen percent of his time working on the repair of offshore structures and who sought to assert a claim under the Jones Act against his employer for injuries he suffered while working on an offshore vessel. The district court found as a matter of law on a motion for summary judgment that plaintiff was not a seaman eligible to recover under the Jones Act. On appeal, plaintiff challenged the district court's finding, arguing that a genuine issue of material fact existed regarding his seaman status. The Fifth Circuit rejected plaintiff's argument and affirmed the district court's grant of summary judgment. *Lormand,* 845 F.2d at 541. The court noted that where the employee's regularly-assigned duties require him to divide his time between a vessel and land (or platform), the employee's status is to be determined in the context of his entire employment. *Lormand,* 845 F.2d at 540. Applying this rule, the court found that as a matter of law, the fact that plaintiff performed fourteen percent of his work activity aboard vessels was insufficient to qualify plaintiff as a seaman. *Lormand,* 845 F.2d at 540. *See also Barrett v. Chevron, U.S.A.,* 781 F.2d 1067 (5th Cir.1986) (welder's helper who performed twenty to thirty percent of his work aboard vessels held not to be a seaman).

In this case, although plaintiff was injured while performing deckhand duties, plaintiff's own testimony establishes that in the context of his entire employment, these duties constituted only fifteen percent of his work activity. In light of the Fifth Circuit's decisions in *Lormand* and *Barrett,* it is apparent that this percentage is insufficient as a matter of law to establish plaintiff as a seaman entitled to recover under the Jones Act. Accordingly, the Court will grant defendant's motion for summary judgment finding as a matter of law that plaintiff is not a seaman.

Based on the foregoing, and upon all the files, records, proceedings and arguments of counsel,

IT IS ORDERED that defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.