Bobby Eugene KENNEDY, Plaintiff,

v.

SYSTEM ONE HOLDINGS, INC. and
UNUM Life Insurance Company
of America, Defendants.

No. 93–1388.

United States District Court,
S.D. Texas,
Houston Division.

Oct. 19, 1993.

James R. Kuhn, Houston, TX, for plaintiff.

Kevin Walsh and Charles A. Hawkins, Fisher and Phillips, Atlanta, GA, for System One Holdings.

Doug K. Butler, Figari & Davenport, Dallas, TX, for UNUM Life Ins. Co. of America.

## MEMORANDUM AND ORDER OF DISMISSAL

WERLEIN, District Judge.

Before the Court are Defendant System One Holdings, Inc.'s ("System One") Motion to Dismiss or, in the Alternative, for Summary Judgment (Document No. 5), Plaintiff Bobby Eugene Kennedy's ("Kennedy") Cross–Motion for Summary Judgment (Document No. 8), and Defendant UNUM Life Insurance Company of America's ("UNUM") Motion for Summary Judgment (Document No. 12). Having considered the motions, responses, arguments, and authorities submitted by the parties, the Court is of the opinion that both of Defendants' motions should be GRANTED, and Plaintiff's motion should be DENIED.

### I. Background

Plaintiff Kennedy, a former System One employee, brought this suit to recover long-term disability benefits under an employee welfare benefit plan ("Plan") administered by UNUM and governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

The undisputed summary judgment evidence reveals that Kennedy was laid off from his employment with System One on January 31, 1991. At that time Kennedy, who was suffering from the AIDS virus, signed a System One "Acknowledgement Form" that stated as follows:

1.  Your salary will be continued for two weeks in lieu of notice from January 31, 1991. Your last check will be issued on February 15, 1991.

2.  During your salary continuation period, you will continue to be provided with your current level of coverage for medical, dental, employee life, dependent life, and AD & D [accidental death and dismemberment] through the last day of the month in which your salary continuation ends. *Your long-term disability and short-term disability, if applicable, will cease effective January 31, 1991.*

(Acknowledgement Form, Attached as Exhibit B to the Affidavit of Mary Stewart, Document No. 5 [emphasis added].) Kennedy apparently understood the italicized language to mean that he could not file a *claim* for disability benefits after January 31, 1991, even for disabilities arising prior to that date.

Kennedy's understanding was not clarified until approximately September 28, 1992. Immediately thereafter, Kennedy filed a claim with System One and UNUM for long-term disability benefits based on his having contracted the AIDS virus prior to January 31, 1991. In the claim, Kennedy contended that, as of January 31, 1991, he was completely "disabled" within the meaning of the Plan and was thus entitled to receive monthly benefit payments. By letter dated February 16, 1993, UNUM denied Kennedy's claim as untimely.

Kennedy subsequently brought the instant suit, alleging that the System One Acknowledgement Form was so misleading as to estop System One and UNUM from denying his claim for coverage. All three parties have moved for summary judgment.

### II. Discussion

#### A. The Standard for Summary Judgment

Rule 56(c) provides that "[summary] judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A party seeking summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genu-

ine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The moving party has the burden of showing that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Williams v. Adams*, 836 F.2d 958, 960 (5th Cir.), *reh. denied, en banc*, 844 F.2d 788 (1988).

■ Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. *See Celotex*, 477 U.S. at 324–25, 106 S.Ct. at 2553. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Assertions unsupported by facts are insufficient to oppose a motion for summary judgment. *Williams v. Weber Management Services, Inc.*, 839 F.2d 1039, 1041 (5th Cir.1987). There must be evidence giving rise to reasonable inferences that support the nonmoving party's position. *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir.1987). Bare or mere allegations are insufficient. *Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77, 79 (5th Cir.1987).

■ In considering a motion for summary judgment, the district court must view the evidence through the prism of the substantive evidentiary burden. *Anderson*, 477 U.S. at 254, 106 S.Ct. at 2513. The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor. *Id.* at 254, 106 S.Ct. at 2513. The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Electric Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Summary judgment is inappropriate if the evidence before the court, viewed as a whole, could lead to differ-

ent factual findings and conclusions. *Honore v. Douglas*, 833 F.2d 565, 567 (5th Cir.1987).

**B.** *Summary Judgment Evidence in the Present Case*

■ As stated previously, ERISA governs the insurance policy at issue in the present case. However, ERISA does not specify the appropriate standard of review for evaluating benefit determinations of plan administrators. The Fifth Circuit has held that "for factual determinations under ERISA plans, the abuse of discretion standard of review is the appropriate standard; that is, federal courts owe due deference to an administrator's factual conclusions that reflect a reasonable and impartial judgment." *Pierre v. Conn. Gen. Life Ins. Co.*, 932 F.2d 1552, 1562 (5th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 453, 116 L.Ed.2d 470 (1991); *accord, Southern Farm Bureau Life Ins. Co. v. Moore*, 993 F.2d 98 (5th Cir.1993); *Wildbur v. Arco Chemical Co.*, 974 F.2d 631, 642 (5th Cir.1992). Consistent with this standard, this Court must first determine whether UNUM, as administrator of the long term disability benefits plan at issue in this case, abused its discretion in finding that Kennedy's claim was not timely filed.

The undisputed summary judgment evidence reveals that, on December 16, 1987, Plaintiff Kennedy acknowledged receiving a copy of System One's employee handbook, which included a "Summary Plan Description" ("SPD") of the UNUM long-term disability policy under which Kennedy now claims. (Exhibit A to the Affidavit of Mary Stewart, Document No. 5). The SPD specifically advised Kennedy and other policyholders as follows:

**When must we[1] be notified of a claim?**
You must give us written notice of a claim within 30 days of the date disability starts. If that is not possible, you must notify us as soon as you can.

\*   \*   \*   \*   \*   \*

**When does proof of claim have to be given?**

Affidavit, Document No. 5 at Attachment 1).

1. The terms "us" and "we" are specifically stated in the SPD to refer to UNUM. (Stewart

You must give us proof of claim no later than 90 days after the elimination period.[2]

If it is not possible for you give proof within these time limits, it must be given as soon as reasonably possible. But you may not give proof later than one year after the time it is otherwise required.

(Page LC–G1–1 of Exhibit C to the Affidavit of Mary Stewart, Document No. 5). This quoted language, which the Court views as clear and unambiguous, thus provided (1) that *notice* of a disability claim must be given to UNUM no later than 30 days after the claimant's disability started; and (2) that *proof* of a disability claim must be submitted to UNUM no later than one year plus 180 days (comprised of the 90 days of the elimination period, plus 90 days after the elimination period, plus a one-year grace period) after the claimant's disability started.[3]

Plaintiff Kennedy contends that he was fully "disabled" within the meaning of the Plan as of January 31, 1991, his last day of employment with System One. Taking all of the facts in Kennedy's favor and assuming, for summary judgment purposes, that Kennedy's disability did not start any *earlier* than January 31, 1991, Kennedy was required to provide UNUM with notice of his claim by March 2, 1991, or as soon thereafter as possible. Additionally, there can be no question that Kennedy's 90–day "elimination period" ended on May 2, 1991, and that Kennedy then had 90 additional days, or until August 1, 1991, in which to provide UNUM with proof of his disability claim. Finally, in any event, Kennedy could not submit proof of

his disability after August 1, 1992, when the UNUM grace period expired.

By his own admission, Kennedy did not notify System One and/or UNUM of his disability claim until on or about September 28, 1992,[4] more than a year and a half after the required notice deadline, and more than seven weeks after the latest possible date specified in the Plan for submitting proof of a disability claim. Under these circumstances, the Court cannot find that UNUM's determination that Kennedy's claim was untimely constituted an abuse of its discretion.

■ The Court next considers Kennedy's assertion that oral representations by System One employees, along with a statement contained in the System One Acknowledgement Form, were misleading and therefore estopped System One and UNUM from denying his untimely claim for benefits. Kennedy's argument is without merit. First, the Fifth Circuit has held that the express terms of a written ERISA plan may not be altered or amended by oral representations. *See Rodrigue v. Western and Southern Life Ins. Co.*, 948 F.2d 969, 972 (5th Cir.1991) (holding that 29 U.S.C. § 1102(a)(1) of ERISA "precluded [the plaintiff] from arguing that [defendant] is estopped from denying coverage based on oral modifications to the plan."); *Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290, 1297 (5th Cir.1989) (rejecting plaintiff's argument that he was entitled to additional benefits based on the oral representations of his employer's representative); *Degan v. Ford Motor Co.*, 869 F.2d 889, 895 (5th Cir.1989) (concluding that "ERISA precludes oral modifications to benefit plans and that claims

---

2. The "elimination period" is defined in the Plan on Page L–DEF–1 as "a period of consecutive days of disability for which no benefit is payable." The Plan provides an elimination period of 90 days.

3. Courts have not hesitated to enforce notice and proof of claim deadlines similar to those at issue in the instant case. *See, e.g., wrristie v. K–Mart Corp. Employees' Retirement Pension Plan*, 784 F.Supp. 796 (D.Kan.1992) (upholding as reasonable twelve-month limitation period for filing a claim for disability benefits). Moreover, at least two district courts have specifically upheld provisions in UNUM disability policies regarding timely notice and proof of claim. *See Freeman v. UNUM Life Ins. Co.*, Civil Action No. 3–89–79

(D.Minn.1990) (granting UNUM's Motion for Summary Judgment on the grounds that the plaintiff had failed to submit proof of his disability claim within the one year plus 180 day period specified in the Plan); *Mackey v. UNUM Life Ins. Co.*, Civil Action No. C86–526S (W.D.Wash.1987) (same result).

4. UNUM contends that it did not receive any notice or proof of Kennedy's disability claim until November 24, 1992, nearly two months later than Kennedy contends he gave the required notice. As stated above, however, for the purpose of summary judgment, the Court accepts as true the facts alleged by Kennedy, the non-moving party.

of promissory estoppel are not cognizable in suits seeking to enforce rights to pension benefits.")

■ Second, even assuming that the doctrine of estoppel were available to. Kennedy, the Plan clearly and unambiguously provides that System One is not UNUM's agent,[5] and that any changes to the express terms of the Plan must be approved in writing by a UNUM officer.[6] Consequently, any alleged misrepresentations on the part of System One cannot reasonably be imputed to, or deemed binding upon, Defendant UNUM. *See Tryco Trucking Co. v. Belk Stores Services, Inc.,* 634 F.Supp. 1327, 1335 (W.D.N.C. 1986) (apparent authority vanishes where third party actually or constructively knows that one is not an agent for another).

Finally, with regard to the statement in the System One Acknowledgement Form claimed by Kennedy to be misleading, the Court finds the case of *Howard v. Gleason Corp.,* 901 F.2d 1154 (2d Cir.1990), cited by both parties, to be substantially similar to this case and persuasive in its reasoning. In *Howard,* the plaintiff's husband, (Mr. Howard), received from an ERISA plan administrator a SPD which stated that his group life insurance coverage would end on the date he "ceased to be an eligible employee." *Id.* at 1160. The SPD further provided that, upon becoming non-eligible employee, an individual previously covered under the group policy could avoid a lapse in coverage only by converting to individual insurance. *Id.*

Not long after the SPD was distributed, the division in which Mr. Howard worked was sold to another company, and Mr. Howard was laid off. At that time, Mr. Howard received from his employer a second document, entitled "Layoff Policy," which indicated that his insurance benefits would cease "upon termination of employment with the company." *Id.*

When Mr. Howard died some time later, his wife (Mrs. Howard) filed a claim with the plan administrator for life insurance benefits. The administrator rejected the claim, on the grounds that Mr. Howard's coverage had lapsed at the time of his layoff, since he had failed to exercise his option to continue coverage by converting the group policy to individual insurance. *Id.* at 1156. Mrs. Howard thereafter brought suit against her husband's former employer and the plan administrator, contending that the language of the "Layoff Policy" contradicted the summary plan description and confused her husband as to his employment status and the extent of his coverage. *Id.* at 1160. The district court entered summary judgment in favor of defendants, finding that defendants had complied with their ERISA obligations to inform Mr. Howard of his conversion rights under the plan. *Id.*

On appeal, the Second Circuit affirmed, stating:

> While it is true that ERISA requires only that the summary plan description be "written in a manner calculated to be understood by the average plan participant," 29 U.S.C. § 1022(a)(1), an employee's right to a comprehensible summary of plan benefits would be hollow if employers could distribute supplementary documents or make oral representations contradictory to a previous summary description and still be said to have satisfied their ERISA disclosure obligations. The layoff policy document to which Mrs. Howard points, however, does not undermine the adequacy of the summary plan descriptions because it does not contradict them.
>
> The layoff policy states that "[l]ife insurance ceases when the employee is laid off."

**5.** Section VII(L) of the Plan states, in its entirety, that "[f]or all purposes of this policy, the policyholder [System One] acts on its own behalf or as agent of the employee. Under no circumstances will the policyholder be deemed the agent of the Company [UNUM] without a written authorization." (Plan p. L–GPP–3, Attached as Exhibit C to the Declaration of Donald F. Jensen in Support of Defendants' Motions for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment, Document No. 14.)

**6.** Section VII(B) of the Plan provides, in relevant part, that "[t]his policy is the complete contract.... Only an officer or a registrar of the Company can approve a change. The approval must be in writing and endorsed on or attached to this policy. Any other person, including an agent, may not change this policy or waive any part of it."

Similarly, the summary plan description provides that insurance coverage ends "if you cease to be an eligible employee." Although the summary goes on to describe the conversion option, this elaboration does not render the layoff policy inconsistent with the summary.

Both documents correctly state that upon termination of employment, group life insurance benefits cease. The summary simply provides a more comprehensive description as it outlines the procedure by which an employee can avoid a lapse in coverage by converting to individual insurance.

\* \* \* \* \* \*

[W]e conclude that the layoff policy and the summary plan description at issue in this case are not inconsistent and thus the layoff plan does not render the summary plan misleading.... In view of our holding ..., any subjective confusion on the part of Mr. Howard as to his employment status at the time Alliance [Mr. Howard's employer] sold the tool division ... is irrelevant.... Thus, while it might explain why he did not exercise his conversion option, Mr. Howard's understanding of his employment status is not a material issue of fact precluding summary judgment in this case. Accordingly, the district court properly granted summary judgment in the defendants' favor.

*Id.* at 1160–1161 [citations omitted].

■ In the instant case, the Court has examined all relevant documents, and finds that the language of the System One Acknowledgement Form claimed by Kennedy to be misleading does not undermine the adequacy of the UNUM SPD because it does not contradict it. Rather, the Acknowledgement Form states that "[y]our long-term disability and short-term disability, if applicable, will cease effective January 31, 1991." The clear import of this statement, when read in the context of the sentence directly preceding it, is that Kennedy's disability insurance coverage would remain in force until January 31, 1991, Mr. Kennedy's last day of employment with System One. Similarly, the SPD received by Kennedy at the commencement of his employment with System One states, at Page LC–TERM–1,

**When does your insurance terminate?**

You will cease to be insured on the earliest of the following dates:

\* \* \* \* \* \*

5. the date employment terminates.

(Document No. 5 at Exhibit C, p. 21). Although the SPD goes on to specify the applicable time limitations for filing notice and proof of claims, such elaboration does not render the Acknowledgement Form inconsistent with the SPD. Both documents correctly state that upon termination of employment, disability coverage ceases to be effective. The SPD simply provides a more comprehensive description, as it outlines the procedure by which an employee may timely notify UNUM of claims arising during the period coverage was in force. For these reasons, the Court concludes that the Acknowledgement Form and the SPD at issue in this case are not inconsistent, and that, consequently, the Acknowledgement Form does not render the SPD misleading. Any subjective confusion on the part of Kennedy as to the difference between cessation of *coverage* and the deadline for filing *claims*, while it might explain why he did not give UNUM timely notice or proof of his disability, does not create a material issue of fact precluding summary judgment in this case.

### III. *ORDER*

For the foregoing reasons, it is ORDERED as follows:

1. Defendant System One Holdings, Inc.'s Motion to Dismiss or, in the Alternative, for Summary Judgment (Document No. 5) and Defendant UNUM Life Insurance Company of America's Motion for Summary Judgment (Document No. 12) are GRANTED. All claims filed against these Defendants by Plaintiff Kennedy are DISMISSED on the merits.

2. Plaintiff Bobby Eugene Kennedy's ("Kennedy") Cross–Motion for Summary Judgment (Document No. 8) is DENIED.

The Clerk shall notify all parties and provide them with a true copy of this Order.