**Jack GRAYSON**

v.

**PETRO–DRIVE, INC., Sonat Offshore U.S.A., Inc. and Sonat Offshore Drilling, Inc.**

**Civ. A. No. G–95–068.**

United States District Court,
S.D. Texas,
Galveston Division.

Jan. 26, 1996.

---

Thomas M. Stanley, Stanley & Associates, Houston, TX, for Jack Grayson.

Craig S. Watson, Cave & McKay, Baton Rouge, LA, for Neblett, Beard & Arsenault.

Chris J. McGrath, Bell & Murphy, Houston, TX, for Petro–Drive, Inc.

James Richard Watkins, Jr., Royston, Rayzor, Vickery & Williams, Galveston, TX, for Sonat Offshore USA, Inc., Sonat Offshore Drilling, Inc.

### *ORDER DENYING SUMMARY JUDGMENT*

KENT, District Judge.

Presently before the Court is Defendant Petro–Drive, Inc.'s Motion for Summary Judgment. As will be discussed below, the Motion is manifestly without merit and is emphatically **DENIED.**

This maritime personal injury case was filed on February 7, 1995. On June 21, 1995, a docket control order was entered setting the case for trial on February 20, 1996. On January 22, 1996, Petro–Drive filed this Motion for Summary Judgment, contending it is entitled to summary judgment because the Plaintiff is not a seaman as a matter of law. Pursuant to the Local Rules of the Southern District of Texas, the Plaintiff's response to this Motion is due on February 12, 1996, only four business days before the scheduled trial date.

■ While the Court did not establish a deadline for the filing of dispositive motions in this case, the Court's consistent practice is to caution attorneys to file dispositive motions early, so the Court has time to carefully

consider the motions and issue its ruling a reasonable period before trial. The Court also instructs attorneys that if dispositive motions are filed close to the trial date, the Court will simply carry the motions forward to trial. Petro–Drive, however, completely ignored these admonitions.

Because of the timing of this Motion, the Court must deny Petro–Drive's Motion for Summary Judgment. As noted above, the Plaintiff's response to this Motion is not due until the virtual eve of trial. Thus, the Court clearly would not have the time to properly consider the Motion and any response before the scheduled trial date, nor would the Court consider granting a continuance to allow time for consideration of the Motion. The Court's time is simply too valuable and its resources too scarce to allow its already crowded docket to be manipulated by the strategically-timed filing of dispositive motions.[1]

■■■ Moreover, a review of Petro–Drive's Motion alone, without considering any evidence the Plaintiff might submit in response, demonstrates that many questions of fact exist as to the Plaintiff's seaman status, rendering summary judgment wholly inappropriate. A "seaman" is one whose employment, in terms of its nature and duration, is substantially connected to a vessel or fleet of vessels in navigation, and whose duties contribute to the function of the vessel or to the accomplishment of its mission. *Chandris, Inc. v. Latsis,* —— U.S. ——, —— – ——, ——, 115 S.Ct. 2172, 2189–90, 2194, 132 L.Ed.2d 314 (1995). Case law overwhelmingly establishes that the question of seaman status is generally a question of fact to be resolved by the factfinder. *See, e.g., Chandris,* at ——, 115 S.Ct. at 2190 (whether plaintiff is a seaman is a mixed question of law and fact; it is the court's duty to define the proper legal standard, and, if reasonable people could differ as to whether the plaintiff is a seaman, it is a question for the jury); *Senko v. La Crosse Dredging Corp.,* 352 U.S. 370, 374, 77 S.Ct. 415, 417, 1 L.Ed.2d 404 (1957) (the determination of whether an in-

jured person was a seaman is to be left to the finder of fact); *Pavone v. Mississippi Riverboat Amusement Corp.,* 52 F.3d 560, 565 (5th Cir.1995) (determination of seaman status is generally one of fact); *Barrett v. Chevron U.S.A., Inc.,* 781 F.2d 1067, 1074 (5th Cir. 1986) (determination of seaman status is "an inherently factual question"); *accord Ellender v. Kiva Constr. & Eng'g, Inc.,* 909 F.2d 803, 805 (5th Cir.1990); *Lormand v. Superior Oil Co.,* 845 F.2d 536 (5th Cir.1987), *cert. denied,* 484 U.S. 1031, 108 S.Ct. 739, 98 L.Ed.2d 774 (1988); *Garret v. Dean Shank Drilling Co., Inc.,* 799 F.2d 1007 (5th Cir. 1986); *Tullos v. Resource Drilling, Inc.,* 750 F.2d 380 (5th Cir.1985); *Abshire v. Seacoast Prods., Inc.,* 668 F.2d 832 (5th Cir.1982). Summary judgment on the question of the plaintiff's seaman status only if the facts establish the lack of seaman status beyond question and no reasonable evidentiary basis exists to support a finding that the plaintiff is a seaman. *E.g., Ellender,* 909 F.2d at 805; *Bernard v. Binnings Constr. Co., Inc.,* 741 F.2d 824, 828 (5th Cir.1984).

■■■ The Plaintiff's deposition testimony reveals that he was assigned by Petro–Drive to work on various drilling rigs and vessels owned by various third parties. At the time of his injury, the Plaintiff was working on a rig owned by Sonat. Thus, one question of fact that must be resolved is whether the Plaintiff's employment was substantially connected to a vessel or fleet of vessels in navigation. A fleet of vessels is an "identifiable group of vessels acting together or under one control." *Coats v. Penrod Drilling Corp.,* 5 F.3d 877, 890 (5th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1303, 127 L.Ed.2d 654 (1994). Clearly, whether the various vessels upon which the Plaintiff worked constitute a "fleet" is a question of fact that can be resolved by the factfinder only after the presentation of evidence about the ownership and operation of the vessels. Petro–Drive's self-serving and conclusory affidavit that it "has never owned, controlled, or operated offshore drilling rigs, platforms, or inland

---

1. Petro–Drive's Motion relies heavily upon the deposition testimony of the Plaintiff himself. Given that the Plaintiff was deposed on September 21, 1995, the Court finds it impossible to believe that the information needed to support the summary judgment motion could not have been gathered sooner.

barge rigs" is wholly insufficient to establish that the vessels upon which the Plaintiff worked do not constitute a fleet as a matter of law, because the employer need not be the owner or operator of the group of vessels for the group to be considered a fleet. *See Penrod,* 5 F.3d at 890; *Bertrand v. International Mooring & Marine, Inc.,* 700 F.2d 240, 245 (5th Cir.1983), *cert. denied,* 464 U.S. 1069, 104 S.Ct. 974, 79 L.Ed.2d 212 (1984).

 Under Fed.R.Civ.P. 56(c), the party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). As discussed above, Petro–Drive's Motion alone is insufficient to establish the absence of a genuine issue of fact, even without any opposing evidence from the Plaintiff. By filing this meritless Motion at this late stage of the proceedings, the conduct of Petro–Drive's attorney teeters precariously on the edge of the Rule 11 abyss. Petro–Drive's delay in filing the Motion raises the suspicion that the primary purpose of the Motion was to harass the Plaintiff and force the Plaintiff's attorney to expend considerable time responding to the Motion, time that otherwise would be devoted to preparing for the looming trial. The substance of the Motion, or, more correctly, the complete lack of substance of the Motion, confirms that suspicion.

Therefore, the Court is denying this Motion now, without requiring the Plaintiff to expend considerable time and energy responding to a motion the Court in no event would grant, in an attempt to thwart Petro–Drive's apparent objective of harassing the Plaintiff and his attorney. The Court takes this opportunity to warn counsel for Petro–Drive that any attempt to use the same sort of obstructionist tactics in the trial of this case will be dealt with swiftly and severely by the Court. The Court will not tolerate any further actions that serve only to harass the Plaintiff or generate additional fees for Petro–Drive's counsel.

Accordingly, Petro–Drive's Motion for Summary Judgment is hereby emphatically **DENIED.** This ruling, however, does not prevent Petro–Drive from reasserting at trial, by way of a motion for judgment as a matter of law or any other means that may be appropriate under the circumstances, any and all *proper* defenses raised in its Motion.

**IT IS SO ORDERED.**